### WAGNER v. SANDERS.

PLEADING—PARTIES—CAUSE OF ACTION—FORECLOSURE—PARTNERSHIP.
A complaint by the heirs at law and administratrix of a deceased partner against the survivor and parties to whom the survivor has conveyed partnership lands, including partnership tools and animals, seeking an accounting of the surviving partner and a winding up of the partnership affairs, and foreclosure of the mortgage given for the purchase money of said lands, states but one cause of action, and brings in only proper parties.

Before BENET, J., Charleston, May, 1896. Reversed.

Action by Julia E. S. Wagner, in her own right and as administratrix of estate of Levi P. Wagner, deceased, William Wagner, Max Wagner, and Clement Wagner, against Joshua C. Sanders, H. G. Leland, and J. B. Morrison.

From an order by the Court below, on motion of defendant, Sanders, requiring the plaintiffs to elect on which cause of action they would go to trial, also to amend their complaint, the plaintiffs appeal.

*Messrs. Bryan & Bryan*, for appellant, cite: Code, 138; 31 S. C., 527; 10 S. C., 101; 26 S. C., 474; 13 S. C., 444; Code, 139; 25 S. C., 72; Code, 143; 6 S. C., 14; Code, 188; 13 S. C., 321; 2 How., 619; 5 S. E. R., 389; 104 U. S., 18; 5 Ala., 446; 158 U. S., 128; 135 U. S., 635; 36 Miss., 40; 40 S. C., 25; 2 S. C., 361.

*Mr. Theo. G. Barker*, for defendant, Sanders, contra, cites: Code, 188; 13 S. C., 324; Code, 165, 193; 38 N. Y., 21; 29 Barb., 391; 4 E. D. Smith, 379; 24 S. C., 39; 37 S. C., 54; 34 S. C., 70; 21 S. C., 434; 22 S. C., 375; 11 S. C., 459; 30 S. C., 111; 26 S. C., 72.

April 16, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order, made pursuant to a motion to make the complaint more certain and definite by arranging the causes of action separately, to strike out redundant matter, to reduce the complaint to a single definite cause of action, to require plaintiffs to elect upon which of the several causes of action they will proceed. The complaint alleged substantially: (1) That on the 19th day of December, 1868, the defendant, Joshua C. Sanders, and Levi P. Wagner (now deceased), as copartners in planting interest, purchased a plantation known as "Doe Hall" or "Bay Vein" plantation, in Charleston County, containing about 2,000 acres, together with tools, implements, animals, and other personal property; that the purchase money thereof was paid by said Levi P. Wagner, and the deed therefor was taken in the name of Joshua C. Sanders, defendant, for purpose of such partnership, in equal shares and interest among such copartners; that said property and assets continued in the name of said Joshua C. Sanders, as the property of said copartnership, until the

death of Levi P. Wagner, on the 24th day of October, 1872; whereupon the plaintiffs, Julia E. S. Wagner, widow of said Levi P. Wagner, and William Wagner, Max Wagner, and Clement Wagner, children of said Levi P. Wagner, and heirs at law of said Levi P. Wagner, became seized in fee simple of an individual moiety of said plantation; and that said personal property and all other property and partnership assets thereupon should have been accounted for and divided between said Joshua C. Sanders, surviving partner, and the administratrix of said Levi P. Wagner, upon the dissolution of said firm by the death of said Levi P. Wagner. (2) That said copartnership affairs have never been settled by said Joshua C. Sanders, and that he has not accounted for said assets, and, notwithstanding demand therefor, has refused and neglected to account, in disregard of his duty and trust as such surviving copartner. (3) That plaintiff, Julia E. S. Wagner, qualified as administratrix of the estate of said Levi P. Wagner on the 10th day of April, 1895. (4) That on the 30th day of December, 1890, the said Joshua C. Sanders conveyed said plantation, and all the personal property thereon, being a part of the copartnership assets, including mill for ginning, wagons, carts, engines, boilers, hoes, and other implements, to the defendant, Horace G. Leland, for the consideration of $6,000. (5) That on the 2d day of January, 1891, defendant, Leland, gave said Sanders, in part payment of said plantation and personal property, his bond for $4,800, and secured same by his mortgage of said property, which bond has not been paid, and is now past due and owing by the defendant, Leland. (6) That on or about October 24th, 1894, said Leland conveyed said plantation and personalty to the defendant, J. B. Morrison, subject to the said mortgage and mortgage debt of $1,800 and interest thereon, as therein stated. (7) That said bond and mortgage, now past due, is a portion of the property of the plaintiffs, to which and the proceeds of which plaintiffs are solely entitled upon foreclosure thereof. Plaintiffs prayed judgment: (1) That said

Sanders be required to account for said partnership assets, and that said partnership be wound up and settled, and their share of the assets be decreed to plaintiffs.  (2) That said mortgage be foreclosed and premises sold, and proceeds of amount due on said bond be decreed to belong to and to be wholly paid to the plaintiffs, according to their respective interest.  (3) For an injunction pending the suit enjoining defendant, Leland or Morrison, from paying over the amount due on said bond to defendant, Sanders, or any other person. (4) For any other relief, &c.

Defendants, Leland and Morrison, answered, admitting the conveyance of said property by Sanders to Leland and by Leland to Morrison, as alleged, the execution of the bond and mortgage, and that there is due thereon $1,800 and interest, and that they are willing to pay this amount to whomsoever of the parties the Court shall adjudge the same to be lawfully due.  They further plead that they are *bona fide* purchasers for value, and without any notice of any claim, right or title on the part of the plaintiffs to the said property.

The defendant, Sanders, moved to make the complaint more certain and definite, by arranging the causes of action separately, to wit: 1. The alleged cause of action of Julia E. S. Wagner, as administratrix, against said Sanders, as surviving partner, for an account.  2. The alleged cause of action of plaintiffs, as heirs at law and distributees of Levi P. Wagner, against Sanders, Leland and Morrison for recovery of their interests in said plantation.  3. The alleged cause of action by same plaintiffs against same defendants for recovery of certain personal property.  4. The alleged cause of action by plaintiffs, Julia E. S. Wagner, William Wagner, Max Wagner, and Clement Wagner, against Joshua C. Sanders, for recovery as their property of said bond and mortgage.  5. The alleged cause of action of plaintiffs against Sanders, Leland and Morrison for foreclosure of said mortgage.  The motion was also to require plaintiffs to elect upon which of said several alleged causes

of action they will proceed against the defendant, Sanders, to strike out all redundant matter, as surplusage, and to reduce their complaint to a single definite cause of action.

His Honor, Judge Benet, after hearing the motion, made an order: 1. That the title of the action be changed by striking out of the summons and complaint the names of all plaintiffs except Julia E. S. Wagner, as administratrix of Levi P. Wagner, and of all defendants except Joshua C. Sanders, so that the action be entitled Julia E. S. Wagner, administratrix of Levi P. Wagner, deceased, against Joshua C. Sanders. 2. That the prayer for foreclosure of the mortgage, sale of premises, and payment of proceeds to plaintiffs, according to their interests, be stricken out. 3. That the prayer for injunction be stricken out. 4. That plaintiffs shall elect whether they will proceed, as heirs at law and distributees of Levi P. Wagner, against the defendant, Morrison, for recovery of the land, or accepting the sale so made of the land and personalty, leave the administratrix to proceed in an action for an accounting against said Sanders. 5. In case plaintiffs shall elect to proceed against the land as heirs at law and distributees of Levi P. Wagner, deceased, that the name of Julia E. S. Wagner, administratrix, as plaintiff, and the names of Joshua C. Sanders and Horace G. Leland, as defendants, be stricken out of the summons and complaint; that the allegations of the complaint be then made to conform to an action for the recovery of real estate and all allegations in behalf or in the right of such administratrix, for an accounting against Joshua C. Sanders, and for a foreclosure of mortgage against Horace G. Leland and against J. B. Morrison, be struck out of such complaint. 6. That plaintiffs, within ten days from the filing of this order, signify their election by filing and serving a new summons and complaint in conformity with this order; that defendants in such new action be allowed twenty days in which to answer, and in case plaintiffs shall fail to file their new summons and complaint as herein directed, then defendants shall be entitled to an order dismissing

the complaint and setting aside the summons herein, with costs.

The plaintiffs appeal on the grounds set out in the record, which it is not necessary to particularize here. They assail the correctness of the above order.

We take the appellants' view of the complaint. It contains but one cause of action, the delict or wrong of the surviving partner in refusing to account to the representatives of a deceased partner for the partnership assets. The subject of the action is the partnership property, real and personal. The object of the action is to settle and wind up the partnership affairs. The unity of action depends upon the rights which exist with reference to the partnership estate, consisting of both real and personal propety. Partnership real estate is, in equity, treated as personal property only, so far as it may be necessary to pay the partnership debts and adjust the accounts between the copartners, in all other respects it has all the incidents of real property. Adams Eq., p. 246, note; Am. & Eng. Enc. Law, vol. 17, p. 952. It is by virtue of this view of partnership real estate that the widow of a deceased partner is entitled to dower in the moiety of which her deceased husband was seized. *Bowman* v. *Bailey*, 20 S. C., 553. Under the allegations of the complaint, which must be taken as true for the purposes of the present question only, the land (and personal property thereon) was bought with the money of Levi P. Wagner, and the deed was made to Joshua C. Sanders for partnership purposes, planting business, in which Levi P. Wagner had equal share and interest as copartner with Joshua C. Sanders. So, then, Sanders held one-half the lands, &c., as trustee for Wagner. On the death of Wagner, October 24, 1872, his interest in the land descended to his widow and children, the plaintiffs, as his heirs at law, subject to the payment of the debts of the partnership, and any balance that might be due the copartner, Sanders, on an accounting. Hence the right of the heirs at law of Levi P. Wagner to join his administratrix in a suit to settle the

partnership estate, which involved both real and personal property. They have an interest in the subject of the action and in obtaining the relief demanded, and may be joined as plaintiffs, as provided in sec. 138 of the Code. It was error to require them to elect whether they would proceed in an action at law for the recovery of the possession of the land, for their interest in the land was subject to the partnership accounting, which could alone be had in a proceeding like this in a court of equity.

It was error to suppose that this action was in any sense an action to recover land. The object was to bring the land, as far as they could reach it, into the settlement of the partnership affairs, as a partnership asset. Any one holding or claiming such land, or partnership asset, is a necessary party to a suit to settle the partnership estate. As provided in section 139 of the Code, "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." The defendants, Leland and Morrison, claim the land, &c., under a conveyance by the surviving partner, as purchasers for value without notice. They admit that $1,800 and interest are still due by them on the purchase price, and they express willingness to pay same to the party or parties adjudged to be entitled thereto. To this extent, then, they would be affected with the notice of the plaintiffs' claim of equity in the lands, &c. To this extent only plaintiffs seek to bring the land into the partnership settlement. While plaintiffs seem to be willing to let the unpaid balance due on the bond and mortgage represent, so far as the defendants, Leland and Morrison, are concerned, their alleged equity in the land, this should not have the effect of making the proposed settlement of partnership affairs relate wholly to personal property, wherein the administratrix alone would represent the deceased partner. This complaint should commend itself to a court of equity, which delights to render complete relief. The ulti-

mate rights of all the parties depend upon the partnership accounting which is sought therein. Of course, no opinion is entertained or meant to be expressed relative to the merits of plaintiffs' claim; we express opinion upon the merit of the pleading only.

The order appealed from is reversed, and the cause remanded for further proceedings.