9591

COOK *ET AL.* v. KNIGHT *ET AL.*

(91 S. E. 312.)

1. REFORMATION OF INSTRUMENTS—COMPLAINT—SUFFICIENCY.—A complaint by grantees filed in 1915, praying the reformation of a deed on the ground of mistake, which alleged that the deed was executed in 1872, and that the grantor died in 1901, states a cause of action, though not alleging when the mistake was discovered or that the agreement for the conveyance was in writing.

2. EQUITY—DEFENSE—PLEADING—LACHES.—The defense of laches applicable to a suit for equitable relief need not be set up specifically, and if clearly established by the evidence, relief will be denied by the Court on its own motion.

3. PLEADING—COMPLAINT—SUFFICIENCY.—As the defense of laches need not be formally pleaded and will be applied by the Court on its own motion, a complaint seeking the reformation of a deed on the ground

of mistake is not subject to a motion to make more definite and certain, though not averring when the mistake was discovered or that the agreement for the conveyance was in writing.

4. EQUITY—DEFENSES—"LACHES."—The length of time which will justify a Court of equity in refusing relief on the ground of laches depends upon the facts of the particular case; laches connoting not only undue lapse of time, but also negligence and opportunity to have acted sooner.

Before GARY, J., Florence, November, 1915.    Affirmed.

Action by D. R. Cook and others against W. J. M. Knight and others. From an order denying their motion to make the complaint more definite and certain, defendants appeal.

*Mr. Philip H. Arrowsmith,* for appellants, cites: *Allegation as to discovery of mistake necessary:* 62 S. C. 88; 77 S. C. 541; 94 S. C. 349; Code Civ. Proc., sec. 438. *Laches:* Ann. Cas. 1915b, 313; 82 S. C. 264; 16 Cyc. 236, 267, 268; 11 Rich. Eq. 33; 10 R. C. L. 395; 2 Am. St. Rep. 807; 52 S. C. 367, 368.

*Messrs. Bass & Williams,* for respondents, cite: *Order not appealable:* 87 S. C. 257; 42 S. C. 547; 76 S. E. 193. *Laches:* 12 A. & E. Enc. Pl. & Pr. 829; 49 Pac. 139; 43 S. C. 436; 62 S. C. 88.; 76 S. C. 170; 28 S. C. 174.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for the reformation of a deed. The complaint alleges that the deed was executed in 1872, that the grantor died in 1901, and the suit was commenced in

---

FOOTNOTE.—As to evidence necessary for reformation, see notes in 3 L. R. A. 190, 5 L. R. A. 159.

1915. There is no allegation as to the time when the mistake was discovered nor excuse for the delay of the plaintiffs in commencing the action. The defendants are the children of the deceased grantor, and the plaintiffs are the grantee and his children. When the complaint was served the defendants made a motion to make the complaint more definite and certain: (1) By alleging in said complaint the time at which the alleged mistake therein set forth and complained of was discovered by the plaintiffs, and especially the plaintiff, D. R. Cook. (2) By alleging in paragraph 1 thereof whether the alleged agreement therein mentioned was or not in writing. The motion was heard by his Honor, Judge Frank B. Gary, who refused the same, and this appeal is prosecuted therefrom.

When the case was argued in this Court the respondents took the position that the order of Judge Gary is not appealable, and objected to the jurisdiction of this Court, and asked the dismissal of the same without considering the merits. Inasmuch as so many appeals are brought to this Court from interlocutory orders that could wait until the case is tried on the merits, thereby entailing useless work on the part of the lawyers and the Court, and delaying the trial of the case on its merits, and uselessly prolonging litigation when an appeal after the trial on the merits could determine every contention in the case made by both sides, we are tempted to take this view and refuse to consider the appeal at this stage of the case, but in view of the earnestness of appellants' attorney in thinking the order is appealable now we will determine whether or not his Honor was in error in making the order he did. The complaint states a good cause of action for equitable relief. *Wagner* v. *Sanders,* 49 S. C. 192, 27 S. E. 68.

It is not necessary to set up laches as a defense formally; it need not be specially pleaded. It may be set up by the Court without being pleaded by the defendant, and without motion of respondent to sustain the decree on that ground, and so applied. In *Wagner* v. *Sanders,*

62 S. C. 88, 39 S. E. 955, Mr. Justice Gary (now Chief Justice), as the organ of the Court, says:

"In his decree the Circuit Judge says that the defendant, Sanders, also pleaded the statute of limitations and laches. It may be argued that the decree of the Circuit Court cannot be supported on these grounds, as the respondents' attorneys did not give notice that they would ask that the decree be affirmed on these additional grounds. Conceding this to be correct as to the statute of limitations, and conceding further that the statute of limitations is inapplicable as a bar to an action seeking equitable relief, the plaintiff may nevertheless be estopped by laches. It is true that laches is not formally set up as a defense, but this is not necessary. In En. of Pl. & Pr., vol. XII, p. 829, it is said: 'According to what is considered the better practice, the defense of laches is one of which it is not necessary to take advantage of by the pleadings. If the case as it appears at the hearing is liable to such an objection, the Court may, and usually will, remain passive, and refuse relief or decline to entertain the suit.' In a note on page 830, under the head of 'Court's own motion,' we find the following: 'While the defense of laches need not be specially pleaded by the defendant, still, when not pleaded, unless it clearly and satisfactorily appears in the Court from the evidence that there has been an unreasonable delay in prosecuting the suit, the Court, on its own motion, should not rest its decision on that ground. *Hagerman* v. *Bates* (Colo. 1897), 49 Pac. 139 (24 Colo. 71).' Thus recognizing the power of the Court in a proper case to raise such objection. In accordance with this doctrine the Supreme Court of its own motion, in the case of *Blackwell* v. *Ryan,* 21 S. C. 112, raised the question of laches and affirmed the judgment of the Circuit Court dismissing the complaint. The principles as to laches are well stated by his Honor, Acting Associate Justice Benet, in *Babb* v. *Sullivan,* 43 S. C. 436, 21 S. E. 277, as follows: 'It is confessedly impossible to adopt a general rule, and fix a definite length

of delay which shall justify a Court of equity in refusing relief on the ground of laches.    Each case must be governed by its own facts, and Courts of equity must be trusted to exercise a salutary discretion.    As we understand the doctrine of estoppel by laches, the facts in this case would justify us in holding that even a shorter delay than nine years and six months, inexcusable or unexplained, would have furnished the Circuit Court with sufficient grounds for refusing the order moved for.    Delay is not the sole factor that constitutes laches.    If it were so, some period fixed by statute or by the common law of the Courts would afford a safe and unvarying rule.    Laches connotes not only undue lapse of time, but also negligence, and opportunity to have acted sooner; and all three factors must be satisfactorily shown before the bar in equity is complete.    Other factors of lessor importance sometimes demand consideration, such as the nature of the property involved, of the subject matter of the suit, or the like.    As a definition of 'laches,' however, it is sufficiently correct to say that it is the neglecting or the omitting to do what in law should have been done, and this for an unreasonable and unexplained length of time, and in circumstances which afforded opportunity for diligence. This definition will be found adequate as a test to be applied to the vast majority of cases.    The doctrine embraced in it is in accordance with the principles and the practice of Courts of equity, which have from the beginning held themselves ready to aid suitors who come in good conscience, good faith and with diligence; and from the beginning they have discountenanced stale demands, and refused relief from the effect of negligence and inexcusable delay.    We have seen, from the very nature of equity jurisdiction, and the principles that guide and control its exercise, that it is impracticable, if not impossible, to fix a definite period of time as a bar or limitation to suits in equity; that lapse of time is not the only test of staleness; that it needs to be conjoined with

negligence or inattention, and with opportunity for diligence and for acting sooner. For it is the essence of laches that the party charged with it should have had either actual knowledge, or such notice as would have put him on inquiry. It is manifest, therefore, that the period of time which shall be a bar in equity must needs vary with the varying circumstances in the different cases.' "

The same principle is reaffirmed in *Poston* v. *Ingraham*, 76 S. C. 170, 56 S. E. 780, and *McAuley* v. *Orr, 97* S. C. 224, 81 S. E. 489.

The exceptions are overruled. Judgment affirmed.