## HARRISON *v.* PEACOCK.

On the trial of an issue made by a wife's claim to land levied on as the property of her husband, there was no error in not giving to the jury instructions based in part upon the premise, unsupported by any evidence, that the husband represented the land to be his own and obtained credit on that representation.

The evidence authorized the verdict for the claimant.

No. 1372. NOVEMBER 15, 1919.

Claim. Before Judge Kent. Johnson superior court. March 20, 1919.

*Faircloth & Claxton* and *Hines, Hardwick & Jordan,* for plaintiff. *B. B. Blount,* contra.

FISH, C. J. This is a competition between a judgment creditor of the husband, and the latter's wife claiming legal title to the land levied on, she holding under a deed executed by the husband to her before judgment was rendered against him, the deed having been executed in recognition of the pre-existing equitable title in the wife, arising from the fact that her money was paid by the husband for the land, the legal title being then taken in his name. It is not a case involving the mere comparision of equities between a judgment creditor and one holding the equitable title. The court's charge was in substantial accord with what was ruled in the case of *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670, 673 (79 S. E. 576), in reference to such a contention. The court further instructed the jury: "You may consider, together with the other facts of the case, that the claimant and defendant are husband and wife. Fraud may not be presumed, but, being subtle in its nature, slight circumstances may be sufficient to carry conviction of its existence." No exceptions were taken to these instructions by the plaintiff, who moved for a new trial, a verdict having been rendered for the claimant.

One ground of the amendment to the motion is that the court failed to instruct the jury as to the law applicable to all the substantial and material issues of the case, in that "he should have charged the jury the following law: If you find from the pleadings and evidence that the claimant's money paid for the land levied upon, but the deed was taken in the name of her husband, . . one of the defendants, and he returned the land for taxation for a number of years as his own, and the claimant (his wife) knew that he had taken a deed in his own name, and that he had given it in for taxation as his own property, and that he represented it to be his own to the general public, and to persons he sought credit from, and to the plaintiff in fi. fa., or endorser, and he obtained credit on that faith, the plaintiff or the endorser having no notice of the claimant's (the wife's) right or equity in the land, it would be subject to the debt, notwithstanding the wife's equity, and notwithstanding that after the credit was given she procured a deed to be made to her by her husband." The court should not have so instructed the jury, if for no other

reason, because there was no evidence that the defendant represented the land to be his own to any one and thereby obtained credit upon such representation.

The court did not err in failing to give the following instruction, no request having been made that it be given in charge: "If one of two innocent persons enables a third party to cheat the other innocent person, [he] who put it in the power of the wrong-doer to do the wrong must suffer, rather than he who in no way empowered the wrong-doer, or contributed to the injury." In the absence of any evidence that the husband represented to the plaintiff that the land in question was his own, and in that way obtained credit from the plaintiff, the evidence did not authorize a finding that the husband cheated the plaintiff.

The evidence authorized the verdict, and the refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*