JONES *v.* FOSTER.

</div>

FISH, C. J.   1. This is a competition between a judgment creditor of
a husband, and the latter's wife claiming legal title to the land
levied on; she holding under a deed executed by the husband to her
before judgment was rendered against him.  The wife claimed the
land, and upon the trial of the issue made in the claim case she
contended that the conveyance to her by her husband was in recog-
nition of the pre-existing equitable title in her arising from the fact
that her money was paid by the husband for the land, the legal title
having then been taken in his name, and that the conveyance by
him to her was made for the purpose of conveying to her what in
equity she then owned.   There was evidence on the trial tending to
show that a portion, at least, of the purchase-price of the land was
paid by the husband with the wife's money, she thereby acquiring an
undivided equitable interest in the property.   On this issue the jury, if
it credited the evidence for the claimant, would have been authorized to
find in her favor as to some undivided interest in the land.   The case
does not involve the mere comparison of equities between a judgment
creditor and one holding the equitable title.   *Dodd* v. *Bond,* 88 *Ga.* 355
(14 S. E. 581) ; *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E.
576) ; *Harrison* v. *Peacock,* 149 *Ga.* 515 (101 S. E. 117).

(*a*) On the issue here the statute is not involved which provides that a
conveyance by a debtor of *his property* for the purpose of delaying and
hindering his creditors is void as against them, where the person
taking knows of such intention.   That statute, in terms, applies to
a conveyance made by one of his own property, with such intention
known . to the taker.

(*b*) The judge correctly charged the law in respect to fraudulent
conveyances by one of his own property; but his charge was of such

character as to necessarily exclude from consideration by the jury the material issue above mentioned.

2. On the issue as to the conveyance being fraudulent the judge did not err in the admission of evidence to which objection was made.

3. There being evidence tending to show that the conveyance in question was voluntary, and not for a valuable consideration, the judge should have instructed the jury, in compliance with a proper and timely written request, that if the conveyance was voluntary it was not void unless the husband was insolvent at the time it was executed. Civil Code, § 3224, par. 3.

*Judgment reversed. All the Justices concur.*

No. 1589.   JUNE 16, 1920.

Claim.   Before Judge Terrell.   Carroll superior court.   July 9, 1919.

To the summary of facts appearing in the foregoing syllabus the following may be added, in connection with headnotes 2 and 3: The judgment on which the plaintiff's execution was based was dated December 12, 1913.   He testified that the credit was extended to Jones, the defendant in execution, in August, 1911, for an interest in a business that the plaintiff sold to him.   The deed to the claimant from Jones (her husband) was on a stated consideration of love and affection and $250.   It was dated January 4, 1912, and recorded on February 12, 1912.   There was testimony tending to show that her money went into the purchase-price of the property in October, 1908.   It was contended on her behalf that the property was really hers, although the conveyance in 1908 was made to her husband; and that, although she spoke to him several times about making a deed to her, he neglected to do so until 1912.   Until that year he returned the property for taxation in his name.   Among other evidence the plaintiff introduced (and it was received over objection that it was immaterial and irrelevant) a mortgage for $718.47 to the Carrollton Bank, dated January 15, 1912, recorded on the next day, due February 1, 1912, from Jones and Stevens as sole owners of a harness business, conveying all the stock, materials, etc., in their shop; and testimony of Jones that he never paid anything to the bank.

The court refused a request to charge the jury as follows: " If you should find that the deed in question [from Jones to his wife, the claimant] was made without a valuable consideration, but is only a voluntary deed, then I charge you that as a matter or law, before this property could be found subject, it would be necessary

for you to find that Mr. Jones, at the time of the execution of this deed, was insolvent at that time."

*Boykin & Boykin,* for plaintiff in error.

*S. Holderness* and *C. E. Roop,* contra.