## ORR SHOE COMPANY *v.* LEE.

HINES, J. On February 23, 1923, the J. K. Orr Shoe Company obtained a judgment against Lee & Williams, a firm composed of W. B. Lee and Linton Williams. This judgment was based upon two promissory notes given by Lee & Williams to said company, dated May 16, 1921. The execution issuing on said judgment was levied upon a certain described tract of land. Thereupon Emily Lee, the wife of W. B. Lee, interposed a claim to this tract of land so levied upon. On the trial of the issue

arising upon this claim, and in support of her title, the claimant introduced evidence showing that on July 19, 1917, she and one Franklin exchanged lands. By her deed she conveyed to Franklin the land which he got under the exchange. Franklin by deed conveyed the tract which Mrs. Lee was to get under the exchange to her husband. The claimant testified that this was done without her knowledge, and that she did not know that Franklin had made a deed to her husband until she saw the land advertised for sale under the levy of this execution. Franklin testified, in explanation of the making of his deed to the husband, that it was made prior to the execution of the deed from claimant to him, when he supposed that the title to the land he was to get under the exchange was in the husband, and that under this impression his deed was made and delivered to the husband when it should have been made to the wife. There was evidence tending to show that the husband took possession of this land under the deed from Franklin to him, that he claimed title to this land thereunder, and exercised acts of ownership over the same by cultivating it and renting it out. On March 29, 1922, W. B. Lee by his deed conveyed this land to his wife. In behalf of the plaintiff in fi. fa., Linton Williams testified that credit was extended to said firm by plaintiff in fi. fa. on the faith of the fact that this land was owned by the husband of claimant, and while legal title thereto was in the husband's name. The plaintiff in fi. fa. introduced no evidence tending to show that it did not have notice of the wife's equitable title to this land; and the wife introduced no evidence tending to show that the creditor had notice of her equitable title at the time credit was extended to her husband's firm. In these circumstances the court directed a verdict in favor of the claimant. The plaintiff in fi. fa. moved for a new trial on the general grounds and certain special grounds. The court overruled this motion for new trial, and to this judgment the plaintiff in fi. fa. excepted. *Held:*

1. If the legal title to land be in the husband and he hold the possession thereof under such title, and the title and possession so remain until one who has given credit on the faith that the property was the husband's, without any notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land. *Zimmer* v. *Dansby*, 56 *Ga.* 79.

(a) As the creditor was seeking to enforce a legal right arising from his judgment lien on this land while the title was in the husband, the burden of showing want of notice of the wife's secret equity was not on the creditor; and if such lien of the creditor could be defeated by the fact that he had notice of the wife's secret equity, the burden was on her to show that the creditor had such notice. *Humphrey* v. *Copeland*, 54 *Ga.* 543.

(b) If the wife's money or property was used to pay for this land to which title was taken in the name of her husband, and if credit was not extended to the husband on the faith of his ownership of this land, or if the wife could show that the creditor had notice of her secret equity, then the creditor could not subject this land to the lien of his judgment. *Brown* v. *West*, 70 *Ga.* 201; *Burt* v. *Kuhnen*, 113 *Ga.* 1143 (39 S. E. 414).

2. If the creditor extended credit to the husband, or to the firm of which he was a member, on the faith of his ownership of this land which had been purchased and paid for with the wife's money or property, and the title taken in the name of the husband, and if the conveyance from the husband to the wife had been made prior to the rendition of the judgment of the creditor, her title would be superior to the judgment lien of the creditor, if she had done nothing to mislead the creditor in extending credit to the husband upon his ostensible ownership of this land. *Dodd* v. *Bond*, 88 *Ga.* 355 (14 S. E. 581) ; *Bell* v. *Stewart*, 98 *Ga.* 669 (27 S. E. 153) ; *Hunt* v. *Doyal*, 128 *Ga.* 416 (57 S. E. 489) ; *Harrison* v. *Peacock*, 149 *Ga.* 515 (101 S. E. 117) ; *Jones* v. *Foster*, 150 *Ga.* 277 (103 S. E. 491).

3. If a wife, having an equitable title to land to which a deed is taken in the name of her husband, permits him to hold the property and use it in his business and commercial transactions for the purpose of obtaining credit, and a third person, without notice of the equity, extends credit to the husband on the faith that the land is his, the wife, after the creditor has reduced his debt to judgment, will be estopped from asserting title to the land as against the lien of the judgment, although before rendition of the judgment the husband, in recognition of the equity, may have conveyed the land to her. *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (79 S. E. 576) ; *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867).

4. While the wife testified that she did not know that the deed to this property had been made to her husband until the property was advertised for sale under the execution of the creditor, there were in evidence certain facts and circumstances from which the jury might infer that she did have knowledge of this fact. These circumstances were as follows: The deed to the husband was made on July 19, 1917, and the title remained in him until March 29, 1922, when he conveyed this land to his wife in recognition of her equitable title thereto. He took possession of this land under his deed, remained in possession nearly five years, claimed this land as his property, and exercised acts of ownership over it by renting it out and cultivating it; and there was some evidence that the husband permitted his partner to hold it out to this creditor as his property, in order for his firm to obtain credit on the faith of his ostensible ownership. In view of these circumstances, the jury might infer that these things were done with the knowledge and permission of the wife.

5. Applying the above rulings, the trial judge erred in directing a verdict in favor of the claimant.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*

*Kirkland & Kirkland,* for plaintiff.

