## NeSmith v. Calder.

GILBERT, J. 1. Under the principles ruled in *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 523 (126 S. E. 292), the evidence being without conflict as to the material issues, the verdict is without evidence to support it. The evidence demanded a verdict against the claimant. Accordingly, the court erred in refusing a new trial.

2. The above ruling renders it useless to deal with the special grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 5280. OCTOBER 13, 1926.

Claim. Before Judge Sheppard. Evans superior court. November 26, 1925.

A fi. fa. in favor of NeSmith, and against S. L. Calder, D. C. Swindell, and Roy Swindell, was levied on described land. The entry of the sheriff recites that the land is "the place on which S. L. Calder resides, and is levied upon as his property and found in his possession." Thereupon Mrs. S. L. Calder filed a statutory claim and an equitable amendment in aid thereof, alleging that the land was her property; that she furnished the money and "paid for the land out of her own separate money, with the request and understanding that the actual paper title was to be made to her and in her name." She further alleged: "That after claimant paid for the said property, her husband, S. L. Calder, one of the defendants above named, and her brother, H. C. Smith, prevailed on her to permit the paper title to said property to be made to her husband for such time only as the said S. L. Calder was engaged in the operation of a turpentine business at or near the City of Claxton; that in the event he sold said business, or for other cause severed his connection therewith, that he

---

Husband and Wife, 30 C. J. p. 830, n. 74.

would immediately have the title of the property conveyed to her. Claimant alleges that she is a woman inexperienced in business methods; and that, while she at first declined to agree to this arrangement, her said husband and her said brother finally over-persuaded her and she finally consented that the title be made to her husband, for the reasons and upon the conditions above cited; that in a short period of time, the exact date of which is now to claimant unknown, her said husband disposed of his interest in said turpentine business, but failed and neglected to convey paper title to her promptly, as he had agreed to do, and later in the meantime this property was levied upon by the plaintiff. Claimant alleges that the note, the basis of the executions levied in this case, was in point of fact the obligation of codefendants D. C. Swindell and Roy Swindell, the debt having been made for their benefit; that this claimant never received any benefit therefrom, nor did any part of the consideration therefor go toward the payment of the property levied on, or toward the payment of any of the improvements on said property. Claimant further alleges that the credit extended to the defendants by the plaintiff was not made on the strength of the apparent ownership and title of this property being in the name of the said S. L. Calder."

The evidence was, without conflict, to the effect that Mrs. Calder had paid for the land out of her separate money; that she consented that the title be made to her husband as a basis for credit in his business; that it was so made and so remained until the levy was made; that the husband resided thereon with his wife, the claimant; that she never had paper title in her name; that the fi. fa. issued on a judgment rendered in a suit on promissory notes signed by D. C. Swindell, S. L. Calder, and Roy Swindell, in renewal of existing notes; that the payee took these notes on the strength of Mr. Calder's property being in him. There was no evidence that the creditor had notice of the wife's equity. The jury returned a verdict finding the property not subject. The plaintiff in fi. fa. made a motion for a new trial, which was overruled, and the movant excepted.

*P. M. Anderson,* for plaintiff.　*W. G. Warnell,* for defendant.