## WRIGHT *v.* PEARSON.

BECK, Presiding Justice. 1. Where the legal title to land was in a husband and he was in possession, and credit was extended to him on the faith of his ownership, and afterward the creditor sued on his claim to

judgment and execution, the fact that the debtor's wife had a secret equity which arose out of the fact that her money paid for the purchase of the land would not prevent enforcement of the execution by a levy on the land against which the wife interposed a claim to the land. *Orr Shoe Co.* v. *Lee*, 159 *Ga.* 523 (3) (126 S. E. 292); *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (3) (79 S. E. 576); *Roland* v. *Wilkinson-Bolton Co.*, 165 *Ga.* 194 (140 S. E. 368).

2. During the trial the claimant moved to dismiss the levy on the ground that it was excessive, it being upon two tracts of land, one containing 84 acres and the other 97 acres. Thereupon the sheriff dismissed the levy as to the 97-acre tract. To this the claimant objected on the ground that such an amendment was not allowable after the levy and claim and issue joined. The court did not err in allowing this amendment. The claimant herself had raised the contention that the levy was excessive, and the sheriff then made the amendment. The claimant was not in any way injured by its allowance.

3. The question of excessiveness of the levy having been raised, and the value of the tract of land as to which the levy was not dismissed being largely in excess of the amount due on the execution, there was a question of fact as to whether or not the levy was excessive, which should have been submitted to the jury. Though levying officers are allowed a large discretion in levying on property of value greater than the amount of the execution, there was such a difference between the value of the property and the amount of the execution here levied that the court should have submitted the question of the excessiveness of the levy to the jury, and should not itself have decided that question. *Bridger* v. *Exchange Bank*, 126 *Ga.* 821 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118).

*Judgment reversed. All the Justices concur.*

No. 11176.  April 17, 1936.

*C. C. Crockett,* for plaintiff in error.
*Blackshear & Blackshear,* contra.