HADDEN *v.* SMITH *et al.*

No. 11522.   February 10, 1937.

M. C. *Barwick* and M. *Cook Barwick,* for plaintiff.
N. J. *Smith* and *Herschel E. Smith,* for defendants.

BELL, Justice.   The court did not err in disallowing the amendment offered in aid of the levy, or in directing the verdict in favor of the claimants.   While under the facts stated in the amendment the claimants might have been estopped from asserting title to the timber (*Walden* v. *Mahnks,* 178 *Ga.* 825, 174 S. E. 538, 95 A. L. R. 1101; *Hadden* v. *Stevens,* 181 *Ga.* 165, 181 S. E. 767), the execution involved in this case is not a lien upon any specific property, but is a mere general execution, and represents a liability for a tort or some other breach of duty committed by another for whose conduct the claimants were in no way responsible.   The transferee of the execution is virtually seeking to hold the claimants as insurers of the timber, whereas the estoppel could affect them only so far as to cause a loss of title.   Estoppel is negative, not creative.   *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616).   If the claimants themselves had sold the timber and had given general warranty of title, they still would not be liable for the independent act of some other person whereby the purchaser was damaged.   Whether, under a proper construction of the amendment, the damage sustained by the plaintiff in fi. fa. was caused by a trespass or by a breach of some covenant in the lease or contract as made by J. L. McNeal, these claimants were in no wise accountable therefor, and it would be unlawful to permit the levy to proceed against property their actual title to which the holder of the execution does not dispute.

Nor does the fact that the timber would never have been purchased from McNeal by the plaintiff in fi. fa., except for the con-

duct now alleged as ground for estoppel, justify the contention that the claimants should be liable for the acts of another person which were not the proximate result of such conduct. Under the facts appearing, the holder of the execution is in no better position than if the damage had been caused by some person other than McNeal, the actual lessor. The judgment does not represent any debt which was created on the faith of McNeal's apparent ownership of the land or the timber; and the decisions in *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576), *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 523 (126 S. E. 292), and *Wright* v. *Pearson,* 182 *Ga.* 366 (185 S. E. 336), cited by counsel for the plaintiff, are inapplicable. The proffered amendment did not present any theory upon which the claimants should be estopped from asserting title; and this is the only question raised.

*Judgment affirmed. All the Justices concur.*