## 17386

W. Lewis WALLACE, Ancillary Receiver for South Carolina, for Keystone Mutual Casualty Company of Pittsburgh, Pennsylvania, Dissolved, Appellant, v. Eva McDonald TIMMONS, individually and as Executrix of the Estate of William R. Timmons, Respondent

(101 S. E. (2d) 844)

312

*Messrs. Thomas A. Wofford* and *Herman E. Cox,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Respondent,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

February 6, 1958.

E. H. HENDERSON, Acting Associate Justice.

The exceptions are quite general and indefinite, and do not comply with rule 4, section 6, of the Court. However, we have decided to consider them, since they attempt to present meritorious assignments of error.

As the question in this case is whether the trial judge was correct in sustaining the demurrer and dismissing the complaint, it is necessary that we see just what are the allegations of the complaint, and what is embraced in the demurrer.

The complaint alleges that the plaintiff is the ancillary receiver in this state for the Keystone Mutual Casualty Company, a Pennsylvania corporation now dissolved; on March 13, 1944, William R. Timmons, now deceased, and the Key-

stone Mutual Casualty Company entered into an agency agreement, a copy of the agreement is attached and made a part of the complaint; pursuant to the agreement William R. Timmons collected large sums of money for the Keystone company, and that under the terms of the agreement he became the trustee of such monies for the benefit of the company; Mr. Timmons died testate on June 22, 1948, leaving an estate valued at more than $500,000, with his wife, the defendant Eva McDonald Timmons, as executrix and sole beneficiary; on July 25, 1948, Mrs. Timmons was appointed executrix of the estate; at the time of the death of Mr. Timmons he had in his possession $25,504.72 belonging to the Keystone company; that this sum was impressed with a trust under the agency agreement; the decedent had on deposit in three banks the sum of $61,638.34, in accounts denominated "W. R. Timmons, Agency", with which accounts the sum held by him as trustee was commingled; and the three banks have turned over the deposits to the defendant as executrix.

That on September 13, 1951, the plaintiff filed a claim against the decedent's estate in the amount of $25,504.72; the claim was not filed within the time required by section 19-474 of the code, and a hearing on it was never had, and it was never honored or refused; the estate has never been settled; that the plaintiff is entitled to an accounting respecting the trust funds, and to have them held for disposal as he shall direct; and that to allow the defendant to keep the funds would be an unjust enrichment.

One paragraph of the attached agreement is as follows: "The agent agrees that all money or securities received or collected by him shall be held by him in trust for the benefit of the Company, and remitted to the Company in strict accordance with the rules and regulations of the Company and the terms of this agreement."

The prayer is for an accounting; that the defendant be required to pay over the trust funds to the plaintiff; and that the plaintiff have judgment against the defendant, individually and as executrix, in the amount of the trust funds.

The suit was commenced on January 30, 1956.

The demurrer of the defendant was upon the following grounds: That it appears upon the face of the complaint that the claim was barred by sections 19-473 and 19-474 of the 1952 code, as it was not filed with the executrix within the required time; that it was barred by Section 10-143 of the code, as the action was not brought until January 30, 1956, a period of more than seven years after the death of William R. Timmons; that it was not asserted against the defendant in her capacity as executrix within the time limit of section 19-474 of the code, that it was not asserted against the defendant individually until January 30, 1956, a period of more than seven years after the death of Mr. Timmons, and is barred by section 10-143; and that another action, in the Probate Court for Greenville County, is pending between the same parties for the same cause.

In his order the special judge, Honorable J. Davis Kerr, sustained the demurrer on three grounds: (1) That the complaint does not allege that Mrs. Timmons, as an individual, received any of the assets composing a trust fund; (2) that the claim is barred by sections 19-473 and 19-474 of the code, which he held to be non-claim statutes; and (3) that it is barred by laches.

The first ground stated above was not included in the respondent's demurrer, and consequently is not an issue in the case.

As to the second ground, the appellant conceded at the hearing that the claim against the respondent in her capacity as executrix was barred, as it was not filed within the time provided by section 19-474. The question remains as to whether it was barred as against the defendant, individually, as distributee.

In our opinion sections 19-473 and 19-474 do not apply to the present case. They have reference to the claims of creditors, and relate to debts of the testator payable from his estate. The complaint alleges that the

monies collected by the decedent constituted a trust fund. For the purposes of the demurrer that is to be taken as true. Whether or not a trust relationship as to these funds did in fact exist can be determined when the case is tried upon its merits.

For the purposese of the demurrer the appellant is a *cestui que* trust and not a creditor. During the lifetime of Mr. Timmons the trust fund was not liable for his debts. The character or ownership of the fund did not change upon his death. It did not become a part of his estate, or liable for his debts. *Gary v. Peoples' National Bank,* 26 S. C. 538, 2 S. E. 568.

And so we conclude that there was error on the part of the trial judge in relying upon this ground.

The third ground upon which the decision was based was that the appellant is barred by laches. It was held that the complaint showed an unexplained delay of more than seven years in bringing the suit.

The subject of laches was not one of the grounds of the demurrer as filed by the respondent. Nevertheless, in proper cases it can be considered by the court of its own motion, even though not pleaded. It is not necessary to set up laches in a formal manner. *Cook v. Knight,* 106 S. C. 310, 91 S. E. 312; *Tucker v. Weathersbee,* 98 S. C. 402, 82 S. E. 638; *Wagner v. Sanders,* 62 S. C. 73, 39 S. E. 950.

Without doubt there was a long delay in commencing the action. However, the determination of the question of laches proceeds in the light of the circumstances of each case, taking into consideration among other things whether the delay has worked injury, prejudice, or disadvantage to the defendant. 30 C. J. S., Equity, § 116, p. 534. Lapse of time is only one and not ordinarily the controlling one of the elements to be considered. *Fallaw v. Oswald,* 194 S. C. 387, 9 S. E. (2d) 793.

Laches is usually a matter of defense, raised by the answer. Even if it appears from the complaint that there has been a long delay in instituting the suit, the court should not decide the question on a demurrer if there are allegations in the pleading tending to show explanation or excuse for the delay. 30 C. J. S., Equity, §§ 231, 270, pp. 681, 711. The trial judge was of opinion that there were no facts alleged in the complaint explaining the lapse of time, or showing any diligence on the part of the appellant. There are, we believe, some allegations which should be considered in deciding whether there was excuse or explanation in this case, such as the non-residence of the Keystone company, its insolvency and receivership, the filing of the claim against the estate (although that was not the proper remedy), the fact that the claim was never refused, and that the executrix has not been discharged.

It may be added, also, that it does not appear on the face of the complaint that the appellant knew of the death of Mr. Timmons as far back as June, 1948. The complaint does not allege when the Keystone company went into dissolution, or when the ancillary receiver was appointed.

In view of the allegations of the complaint, it should not be decided on the demurrer whether the explanations are valid, or if there was in fact laches on the part of the appellant. That can be done much better at the trial of the case, after examination and cross-examination of the witnesses. We are of opinion that the case did not warrant the trial judge in invoking the doctrine of laches of his own motion or in sustaining the demurrer.

For the reasons stated we think that the order appealed from should be reversed. It is so ordered, and the respondent shall have twenty days after the remittitur is filed in which to answer the complaint.

STUKES, C. J., and TAYLOR and LEGGE, JJ., concur.

OXNER, Justice (concurring).

I concur but desire to state that in agreeing to waive strict compliance with the rule governing exceptions, I was influenced by the fact that appellant is a receiver. See dissenting opinion by me in *Shayne of Miami, Inc., v. Greybow, Inc., (In re Grand v. Townes)*, S. C., 101 S. E. (2d) 486.