## 46302. WILLINGHAM v. LEE.

EBERHARDT, Judge. In this levy and claim case, there was evidence that Mr. and Mrs. Willingham jointly owned a house on Park Drive in Decatur, Georgia. Upon making a contract to sell the property, they received $1,000 cash as earnest money which they, in turn, used as earnest money for the purchase (from a builder) of a house to be constructed on a lot on Ponte Vedra Court. When the time came to close the purchase of the Ponte Vedra property, the sale of the Park Drive property had not been closed, and Mr. and Mrs. Willingham jointly executed a note to the Ponte Vedra builder in the amount of $2,250 for the balance of the down payment to be paid upon the sale of the Park Drive property or upon a day certain. When the sale of the Park Drive property was closed, this note was paid off. At the closing of the Ponte Vedra property, however, title was taken in the husband's name only rather than jointly with his wife. There was evidence that this procedure was for purposes of convenience only, and that there was no intention to deprive her of the one-half interest in the new residence which resulted from the use of proceeds from the sale of the interest she had held in the old residence. There was further testimony that not only had the wife contributed one-half of the original down payment on the Ponte Vedra property, but also had contributed from the time of its purchase at least one-half the amount of the monthly payments on the note and security deed from her earnings.

Upon learning that he was about to be sued by Mrs. Lee on some promissory notes, Mr. Willingham transferred all interest in the property to his wife by warranty deed. There was evidence that he did so in order to protect her one-half interest. Subsequently Mrs. Lee filed suit against Mr. Willingham and obtained judgment upon which a fi. fa. issued. Mr. Willingham filed a motion for new trial, but before it was ruled on the parties entered into an arrangement whereby he agreed to abandon his motion for new trial, pay $2,500 toward satisfaction of the judgment upon execution of the contract, pay the remainder off in yearly instalments, and secure the payment of the instal-

ments by procuring from his wife a warranty deed to the Ponte Vedra property and then executing to Mrs. Lee a second security deed conveying it.

Mr. Willingham paid the initial $2,500 in accordance with the contract, but Mrs. Willingham refused to involve her interest by executing to him a deed to the property and he was unable to execute a second security deed to Mrs. Lee as he had agreed to do. Then under *Code* § 39-201 Mrs. Lee paid the indebtedness owing by Willingham to the holder of the original security deed, took a quitclaim deed, and had the fi. fa. levied upon the property as that of Mr. Willingham. Mrs. Willingham filed her claim to the property levied on, later amending to allege that one-half of the money used to purchase the property at and before the time of taking title thereto were her funds; that since that time she had contributed at least one-half of the funds used to make the house payments; and that it was at all times understood and agreed between the husband and wife that she owned at least a one-half interest in the property, title being taken in his name for convenience only.

At the trial of this claim case the court directed a verdict for Mrs. Lee against Mr. and Mrs. Willingham, finding that the deed from husband to wife was made for the purpose of delaying and defrauding creditors, but only insofar as it transferred the husband's one-half interest to her. The court made no finding as to whether the wife did or did not own a one-half interest in the property, and the jury was not allowed to consider the matter. However, the judgment went further than the verdict and, reciting that the conveyance was fraudulent because of the purpose and knowledge of the transfer, ordered that the fi. fa. proceed against the property, which had been levied upon solely as that of the husband, rather than directing that it proceed only as against the husband's one-half interest.

The wife filed her appeal to the Supreme Court, and that court, pointing out that no ruling was made in the trial court with respect to title tr the property involved, transferred the appeal here. *Willingham v. Lee*, 227 Ga. 425 (181 SE2d 49). *Held:*

1. "This is a competition between a judgment creditor of a husband, and the latter's wife, claiming legal title to the land lev-

ied on; she holding under a deed executed by the husband to her before judgment was rendered against him. The wife claimed the land, and upon the trial of the issue made in the claim case she contended that the conveyance to her by her husband was in recognition of the pre-existing equitable title in her arising from the fact that her money was paid by the husband for the land, the legal title having then been taken in his name, and that the conveyance by him to her was made for the purpose of conveyance to her what in equity she then owned. There was evidence on the trial tending to show that a portion, at least, of the purchase price of the land was paid by the husband with the wife's money, she thereby acquiring an undivided equitable interest in the property. On this issue the jury, if it credited the evidence for the claimant, would have been authorized to find in her favor as to some undivided interest in the land. The case does not involve the mere comparison of equities between a judgment creditor and one holding the equitable title. *Dodd v. Bond,* 88 Ga. 355 (14 SE 581); *Ford v. Blackshear Mfg. Co.,* 140 Ga. 670 (79 SE 576); *Harrison v. Peacock,* 149 Ga. 515 (101 SE 117).

"(a) On the issue here the statute is not involved which provides that a conveyance by a debtor of *his property* for the purpose of delaying and hindering his creditors is void as against them, where the person taking knows of such intention. That statute, in terms, applies to a conveyance made by one of his own property, with such intention known to the taker.

"(b) The judge correctly charged the law in respect to fraudulent conveyances by one of his own property; but his charge was of such character as to necessarily exclude from consideration by the jury the material issue above mentioned." *Jones v. Foster,* 150 Ga. 277 (1) (103 SE 491).

"A conveyance of title in fraud of a creditor is void, and the creditor may attack it in a suit at law. Civil Code (1910), §§ 3218, 3224 (2). Where, upon the trial of a claim case, it appears that a conveyance of title to the property levied on, made by the defendant in execution to a stranger prior to the levy, would, if valid, operate, under section 6038 of the Civil Code (1910) [*Code* § 39-201, under which plaintiff in execution was proceed-

ing below] to deprive the defendant in execution of any leviable interest in the property, the plaintiff in execution may, in the same action, for the purpose of subjecting the property to the execution, attack the conveyance upon the ground of fraud." *Remington v. Garrett*, 34 Ga. App. 715 (1, 2) (130 SE 831).

In the instant case the issue was the extent to which the conveyance from husband to wife was made to defraud and hinder creditors, and hence, under *Code* § 39-201, which requires that the defendant in fi. fa. have an interest or equity in the property in order for the judgment creditor to take up the outstanding debt and levy upon it as property of the defendant in fi. fa., the question for determination was what leviable interest the husband had in the property and whether it was fraudulently conveyed.

The trial court, in directing the verdict, properly found that the conveyance from husband to wife was made for the purpose of delaying and defrauding creditors insofar as it transferred the one-half interest which he, himself, admittedly owned. This finding was demanded. Had the judgment followed the verdict so as to provide that the fi. fa. proceed only against his one-half interest, there would be no merit to the wife's appeal here. However, the judgment directed that the fi. fa. proceed against the whole interest, without a prior determination as to whether or not the wife owned the other one-half interest, or any portion thereof, which she claimed. That question remains unresolved.

The judgment must conform to the verdict. *Code* § 110-301; *Manget-Brannon Co. v. White Crown Fruit Jar Co.*, 20 Ga. App. 339 (93 SE 307); *Jenkins v. Tastee-Freez of Ga.*, 114 Ga. App. 849, 852 (152 SE2d 909). Consequently, the judgment is affirmed to the extent that it follows the verdict by subjecting the husband's one-half interest to the levy, but reversed insofar as it exceeds that verdict.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Pannell, J., concur. Whitman, J., not participating because of illness.*

SUBMITTED JUNE 4, 1971—DECIDED OCTOBER 20, 1971.

*Charles D. Wheeler,* for appellant.
*William G. McRae,* for appellee.