WM. HUBBARD, plaintiff in error, vs. PRICE and JENNING, defendants in error.

An insolvent debtor was entitled, in right of his wife, to a share in her father's estate, the share being in the hands of the executor of that estate; it was agreed between him and his wife, and the executor, that the share should be paid over to her as her separate property, to be placed by her in the hands of a trustee. This agreement was executed.

*Held*, That if the share was not more than enough for a suitable provision for the wife, this arrangement was valid, and the fund was not subject to the husband's debts.—LUMPKIN and BENNING, J. J.

Fraudulent schedule of insolvent from Newton county, Decided by Judge CABINESS September term, 1857.

This was issue of fraud made up on the schedule which had been filed by William L. Hubbard under the insolvent debtor's act. In this schedule was the following entry: "Money received of the executors of Charles M. Berry by my wife and in her own right and paid over by her for the sole and separate use of herself and her children into the hands of Woodson H. Berry, trustee, principal and interest, up to date $848."

The plaintiff introduced William T. Berry, who testified that he was the executor of Charles M. Berry, deceased that as said executor he paid over to defendant's wife, the daughter of the deceased, about $800, part Christmas a year ago, and part Christmas before; and that at the time he paid it to the said defendant's wife, he took from her a receipt which was written in Covington and sent to the defendant to Atlanta; and after he had signed it it was handed to witness by the defendant's wife; the witness then paid the money to defendant's said wife, it being the amount coming to her from the estate of her father.

Defendants' counsel proposed to ask this witness if the defendant did not uniformly, before said money was paid to his wife, always refuse to receive said money. The plaintiff objected to this question being put to the witness, and

the Court refused to allow it to be put as illegal, and the counsel for defendant excepted.

Defendant's counsel then proposed to prove that before said money was paid over, the defendant refused to take it because it belonged to his wife and children; but the Court ruled that nothing could be proved 'on the subject except what was said by the defendant or the executor at the time of the payment of the money; to which ruling of the Court defendant's counsel excepted.

Defendant's counsel then asked what was said by said defendant as to receiving the money before said receipt was handed to him. This question was objected to, and the Court overruled the same, and defendant's counsel excepted.

Counsel for defendant asked the Court to charge the jury "that if the schedule of the defendant fairly apprise the creditors of the nature of the assets, so as to enable them to hunt them up and do all in his power to place the effects in the knowledge and power of the creditors, that is all the law will require of an insolvent debtor in cases where the effects are not in possession of the defendant."

The Court refused so to charge, but charged the jury "that when defendant's wife received the money from the executor of her deceased father's estate, it vested in her husband *eo instanti,* and her possession was his possession. If the plaintiff was indebted at that time, any engagement made or permitted to be made by him to secure the money so received through his wife to and for her separate use, was a fraud upon his creditors. There was a process by which his wife's equity to the separate use of the money coming to her from her father's estate could have been asserted and maintained; but failing to use that process when she received the money, his marital right attached and it became his property; and if the jury believed, from the testimony, that he was indebted at that time, and that he settled it upon his wife, or permitted arrangements to be made for that purpose

by placing it in the hands of a trustee, that was a fraud upon his creditors, and the jury should so find. But if he was not indebted at the time his wife received the money, he had the right to settle it upon her free from his future debts; and if such was the fact, the jury should find for the defendant. As they might believe the fact from the testimony, so they should return their verdict, and by it say whether or not the defendant had made a fraudulent return of his effects in his schedule. It was simply a question of fraud or no fraud. If they believed, from the testimony, that the defendant had made a fraudulent return of his effects in his schedule, they should find the issue in favor of the plaintiff; otherwise in favor of the defendant."

To this refusal to charge, and to the charge so given, defendant's counsel excepted.

The jury found a verdict for the plaintiff, and the Court ordered the defendant to be imprisoned until he made a full and fair disclosure of all his effects.

To this decision of the Court the defendant's counsel excepted, and filed his bill of exceptions, saying that the Court erred:

1st. In refusing to allow defendant to prove by the executor that he had uniformly refused to receive the money before it was paid to his said wife.

2d. In refusing to allow defendant to prove by said executor that before said money was paid over, defendant refused to take it because it belonged to his wife and children.

3d. In holding that the receipt given could not be explained, and that nothing could be proven on the subject except what was said by defendant or executor (witness) at the time of the payment of the money; also in refusing to allow defendant to prove what was said by defendant's wife as to receiving said money before said receipt was handed to said executor (witness.)

4th. The Court erred in its general charge upon the subject as to defendant's sayings.

5th. The Court erred in refusing to charge as requested by defendant's counsel.

6th. The charge of the Court as given was error and contrary to law.

HAMMOND and SON for plaintiffs in error.

CLARK and LAMAR, contra.

By the Court.—BENNING, J. delivering the opinion.

The money ($848) came from the estate of the father of the debtor's wife. It was, therefore, a fund out of which she was entitled to a suitable settlement; and a Court of Equity would, on her application, have compelled the debtor, her husband, willing or unwilling, to make the settlement. This is undisputed.

Men may do of their own accord, whatever a Court of Equity, any Court, would compel them to do. That this is true, as a general principle, nobody denies.

Does not this case fall within it? Why not?

The creditors of the husband can have no cause of objection; the credit they gave was not given on the faith of this fund. Consequently, should they get the fund they would get more than they bargained for.

The husband does not object; he consents.

The creditors and the husband are all that could object.

To require the wife to go into equity, would be merely to cause a good part of the fund to be consumed in litigation; one of the poorest uses to which it could be put.

There does not seem to be any reason, then, why this case should not fall within the general principle. And Judge Lumpkin and I think that it does fall within the general principle.

He and I think, then, that if this fund was not more than enough for a suitable provision for the wife, and if it was by the executor turned over to her for her separate use, and

Hubbard vs. Price and Jenning.

was by her placed in the hands of a trustee, with the consent of her husband, the fund became one well settled to her separate use; and, therefore, one not subject to her husband's debts.

It follows that Judge Lumpkin and I think that the charge of the Court was erroneous.

But if it be true that it was lawful for the husband to *consent* to this arrangement, it must be true, that he had the right to prove that he had consented to it. And what better way of proving that, was there, than that of proving that he said, he had consented to it? I know of none. If this be so, it follows, that the Court below erred in ruling out the sayings of the husband.

Judge McDonald doubts the foregoing conclusions of the other two members of the Court; but he thinks, that the schedule made a full and fair disclosure as to this fund, so as to enable the creditors to pursue it if they should think fit to do so, and that more than this, was not required of the debtor. "Leaving the question open, as to whether under the facts disclosed, the wife may not enforce her equity as to the money received from the executor of her father's estate, between her and her husband, and her husband's creditors."

All three of us then, think, that the judgment of the Court below ought to be reversed.

*Judgment reversed.*