### ROBINSON & COMPANY *v.* STEVENS.

1. There was no error in refusing to give in charge to the jury propositions of law which, though correct in the abstract, were not applicable to the case nor authorized by the evidence.
2. No inquiry being made of her, it was no fraud by a wife who had loaned money to her husband for use in his business, not to disclose to the public or to persons who subsequently credited him on the faith of the money, the fact that she had made the loan or that she was his creditor by reason thereof.
3 The trial court having required counsel for the defendant in error to desist from his improper remarks to the jury, when they were objected to, and having characterized the same as improper and instructed the jury to disregard them, and not having been requested to declare a mistrial on account of their prejudicial effect, they were not cause for setting aside the verdict, especially as the verdict was strongly supported by the evidence.
4. It was not error to exclude declarations of the defendant's husband and father, not made in her presence, tending to show that the money in question was given to the husband and not to her.  As to her these declarations were mere hearsay.

January 27, 1894.

| 93 | 535 |
| 97 | 582 |
| 93 | 535 |
| 98 | 687 |
| 93 | 535 |
| 101 | 805 |
| 93 | 535 |
| 106 | 764 |

Equitable petition. Before Judge WELLBORN. Hall superior court. January term, 1893.

To the statement of facts appearing in the opinion, it is only necessary to add, that the charges requested and refused were as follows:

" A sale attacked by creditors must be made *bona fide*, and with no purpose, known to or suspected by the creditors taking the deed, to hamper and entangle the property as against other creditors for the sake of hindering or delaying them. If made partly in payment of. a debt and partly to hinder, delay or defraud other creditors, and the creditors taking the deed have knowledge of this latter intention or grounds for reasonable suspicion, no title will pass as against other creditors." Also, that if defendant allowed her husband to use her money as his own in the mercantile business, and thus put it in his power to obtain credit of plaintiffs for the debt now sued for, on the faith of her money used in his business, without plaintiffs' knowledge of her equity, then she would be liable. Also, the law as embodied in the code, §1952, par. 3.

The 6th ground of the motion for new trial assigned error upon the following charge of the court: "The plaintiffs insist that if this was Mrs. Stevens' money, and that Stevens was transacting business by reason of her loaning him money and allowing him to use it as his own, and that Stevens was enabled to obtain credit of these parties when he would not otherwise have been able to do so, it was her duty to have done something that would have given them notice of that fact. Plaintiffs insist that these rules I have just given you apply in this instance, and that although she might have been innocent of wrong-doing, still the failure on her part to make public the fact that he was indebted to her enabled him to perpetrate a wrong; as between her and another innocent person, she must suffer and not the other; and

as to that intricate proposition, I charge you that if that was all she failed to do, or all that she did was not to make it public that she had loaned her husband money, it was not such an omission of legal duty on her part as would make her liable or responsible for the loss that might have resulted to the plaintiffs or any one else in dealing with her husband."

S. C. Dunlap, W. L. Telford and J. B. Estes, for plaintiffs.    M. L. Smith and H. H. Dean, for defendant.

Simmons, Justice.

On January 22, 1890, a bill of sale expressing a consideration of $3,000 was made to Mrs. Stevens by her husband who was then insolvent, covering his stock of merchandise. Subsequently an equitable petition was brought against Mrs. Stevens and her husband and against C. A. Davis, her father, by Robinson & Co., for the purpose of setting aside the bill of sale, and to recover judgment against the defendants for the amount of a bill of goods sold by the plaintiffs to Stevens in June, 1889, the account for which fell due January 1st, 1890  The plaintiffs claimed, among other things, that the goods were sold by them to Stevens on credit based upon the sum of $5,000 turned over to him by Davis in February, 1889, with which sum he went into the mercantile business, and that the bill of sale to his wife was fraudulent and void as against his creditors. The suit was afterwards withdrawn as to Davis, and Stevens having confessed judgment for the amount claimed, the case proceeded against Mrs. Stevens alone. Upon the second trial of the case a verdict was rendered in her favor, and the plaintiffs made a motion for a new trial, which was overruled, and they excepted. It appeared from the evidence at the trial that the consideration of the bill of sale was a debt of $3,000 to Mrs. Davis from her husband; that $5,000 which had

been given her by her father was loaned by her to her husband to go into business with, upon the agreement that he was to repay her at such times and in such sums as she might demand; that he returned $2,000 and used the remainder in his business, and she took the bill of sale in payment of this balance, subject to a mortgage of the same date to Kiser & Co. She testified that this was done in perfect good faith, without any secret reservation therein to her husband, and without any intention to hinder, delay or defraud creditors.

1. The requests to charge, set out in the 3d and 4th grounds of the motion for a new trial, were not in writing, and even if they had been, the refusal of the court to charge as requested would not be cause for a new trial, there being no evidence which would warrant the jury in finding that the bill of sale was without a valuable consideration, or that it was made or taken for the purpose of hindering, delaying or defrauding creditors.

2. The court did not err in declining the request to charge set out in the 5th ground of the motion for a new trial, nor in charging the jury as complained of in the 6th ground. One who lends money to another is under no duty, where no inquiry is made of him on the subject, to disclose to the public or to persons who subsequently credit the debtor on the faith of the money, the fact that he has made the loan or that the borrower is indebted to him on account of it; and a wife who lends money to her husband does not stand upon a different footing in this respect from any other person who lends money to another. There is no evidence in this case, that, prior to the creation of the debt sued upon, any inquiry was made of the wife in regard to the money in question or the husband's indebtedness to her, or that she said or did anything to mislead the plaintiffs or anybody else in regard to it; indeed, it appears that

she had no communication of any kind with the plaintiffs or any of their salesmen prior to that time. The cases of *Gorman* v. *Wood*, 68 *Ga.* 527, *Brown* v. *West*, 70 *Ga.* 201, and *Kennedy* v. *Lee*, 72 *Ga.* 39, relied upon by counsel in support of these grounds of the motion for new trial, are not in point. The case of a person who allows another to deal with specific property as his own and obtain credit from third persons on the faith of it, and who then claims that property as against such creditors, upon the ground that it is his and not the property of the debtor, is altogether different from the case of one who lends money or sells property to another and does not claim the particular money · or property, but simply stands on his rights as a creditor.

3. Another ground of the motion for a new trial was, that counsel for defendant, in his argument to the jury, stated that the judge had set aside the verdict rendered against Mrs. Stevens on a former trial, and this showed what he thought of the case. The court did not err in declining to grant a new trial on this ground. It appears that when counsel for the plaintiffs objected to the remark, the court stopped counsel who had made the same, and stated to the jury that it was improper, and instructed them to disregard it. If counsel who objected to the remark considered it so far prejudicial that its effect upon the jury could not be counteracted, the proper course was to move that the case be withdrawn from the jury and a mistrial be declared; and if the court refused to grant this request, the refusal would be subject-matter for review by this court. (See *Metropolitan R. Co.* v. *Johnson*, 90 *Ga.* 501(6), 506.) No such motion was made in this case.

4. Other grounds of the motion for a new trial are to the effect, that the court erred in refusing to admit in evidence testimony as to declarations of Stevens and Davis to one of the plaintiffs, tending to show that the

money in question was a gift by Davis to Stevens himself, and not to Mrs. Stevens. The court did not err in excluding this testimony. When this trial took place Davis and Stevens were not parties to the case, and as to Mrs. Stevens the declarations were merely hearsay, not having been made in her presence, nor so far as appears by her authority.

5. The verdict is strongly supported by the evidence, and the court below did not err in refusing a new trial.

*Judgment affirmed.*