## SIMMS v. TIDWELL & POPE et al.

1. Where a wife loaned money to her husband for use in his busi-
ness as a merchant, and he subsequently sold and conveyed to
her all his merchandise in payment of the debt thus created,
she in good faith accepting the conveyance in payment of and
for the purpose of collecting the debt, there was no fraud in the
transaction, it appearing that the goods sold to the wife were
not worth more than the amount of the loan, and it not appear-
ing that she by her conduct or otherwise had in any manner
misled others or induced them to extend credit to the husband.

2. The evidence in the present case showing conclusively that at
the time of the filing of the plaintiffs' equitable petition the
defendant had ceased to be a trader, for the reason that he had
previously made a *bona fide* sale of all his merchandise to his
wife, based upon a valuable consideration, it was error to grant
an injunction or appoint a receiver.

March 6, 1896.

Petition for injunction and receiver.    Before Judge
Candler.    DeKalb county.    February 29, 1896.

*Simmons & Corrigan, G. K. Looper* and *R. L. Avary*,
for plaintiff in error.    *Rosser & Carter, W. W. Braswell*
and *J. T. Pendleton*, contra.

SIMMONS, Chief Justice.

The petition was brought under the "trader's act,"
(Code, §3149 *et seq.*)    In order to maintain such a petition,
it must appear that at the time of its filing the debtor was en-
gaged in business as a trader.    (*Mercer* v. *Houston Guano
Co.*, 95 *Ga.* 359 and case cited.)    It appears that the de-
fendant had ceased to be a trader before the filing of the
petition, having several days before that time made a sale
of his entire stock of merchandise to his wife.    It was al-
leged by the plaintiffs that the sale was fraudulent, but

the allegation is not sustained by the evidence. The defendant in his sworn answer denied this allegation, and alleged that the sale was for a full, complete and valuable consideration, that possession was delivered to his wife at the time, and that his only connection with the goods since then was that of agent for her. The plaintiffs, having failed to waive discovery, were bound by the defendant's answer as to facts within his own knowledge responsive to the allegations in the petition, unless the answer was rebutted by two witnesses, or by one witness and corroborating circumstances. (Code, §3105.) The only facts relied on to show that the sale was fraudulent were, that during the period in which the alleged indebtedness to the wife was claimed to have existed, no tax returns were made by her in the county of her residence, and that the real estate above mentioned and the funds invested by the husband in his business were spoken of by him as his own. It is not uncommon for men to speak of the property of their wives in this manner; and the statement that the money was his own is not inconsistent with his having borrowed it. Besides, whatever significance may attach to these facts is overcome by abundant and convincing evidence that the title to the realty mentioned was in the wife, and that the husband did receive the money arising from the sale of it as a loan from her. It does not appear that the wife said or did anything to mislead the plaintiffs or any one else; and no inquiry having been made of her, she was not bound to disclose to persons dealing with the husband the fact of his indebtedness to her. (*Robinson* v. *Stevens*, 93 *Ga.* 535.) We think therefore that the court erred in granting the injunction.

*Judgment reversed.*