## BELL *v.* STEWART.

1. Where a wife's money was used by her husband with her consent in part payment for a tract of land, upon an express parol agreement between them that when the land was fully paid for he was to make her a deed to " her *pro rata* part of the land purchased," and upon his completing payment he took the title to the entire tract in his own name, the wife owned an equitable undivided interest in the land, and it was perfectly proper and lawful for the husband to convey to her a portion of the land not greater in value than the amount of her money which went into the purchase.

2. If this was done in good faith before a particular creditor of the husband obtained a judgment against him, the wife's title was superior to the judgment, although in the creation of the debt upon which this judgment was founded the creditor may have extended credit upon the belief that the entire tract belonged to the husband, it not appearing that the wife had ever said or done anything to mislead the creditor or warrant him in believing that she treated the whole tract as the husband's exclusive property, and it not being shown that she permitted him to use it as such.

3. The mere fact that she lived upon the tract of land with her husband and enjoyed it jointly with him, would not, under the facts above recited, be sufficient to show that she " permitted him to use the property as his own."

4. In view of the principles above announced and of the evidence in the case, the charge of the court was not precisely adjusted to the issues involved.

May 23, 1896.   By two Justices.   Argued at the last term.

Levy and claim.  Before Judge Harris.  Carroll superior court.  October term, 1894.

*Capers Hodnett* and *Cobb & Brother*, for plaintiff in error.  *Sidney Holderness*, contra.

SIMMONS, Chief Justice.

An execution in favor of C. H. Stewart against N. Bell, based on a judgment of October 6, 1893, was levied upon certain land, which was claimed by the wife of Bell.  There was a verdict finding the property subject, and the claimant made a motion for a new trial, which was overruled, and she excepted.

It appears from the evidence, that the father of the claimant gave her, in 1874, $200 to be invested in the land in question, and that she turned over the money to her husband, the defendant, for that purpose.  The husband paid the $200 as part of the purchase money of the land, and afterwards paid the remainder with his own money and took a deed from the vendor conveying the land to himself. When the husband received the $200 from the wife, it was with the understanding that when the land should be fully paid for, she was to have a deed to her *"pro rata* part of the land."  Subsequently the husband became indebted to the firm of W. J. Stewart & Brother, for goods purchased from them, and gave them his promissory note for the amount due, and it is upon this note that the judgment in question is founded.  The wife did not know at the time the deed to her husband was made that the title had been conveyed to the husband alone, and as soon as she learned of it, she insisted that he should make a deed to her of her *pro rata* part of the land, according to the understanding originally had, or else repay her the $200 she had paid on the land, together with interest thereon.  He did not repay her the money, or any part of it, but finally made a deed to her of what remained of the land, after he had sold from the original tract a quantity amounting to more in value than

what he had paid upon the purchase money. The deed recited a money consideration, covering the amount originally paid by· the wife, together with interest thereon. This deed was made in 1893, before the judgment in question was obtained. The wife and other persons testified that she had always claimed an interest in the land. The members of the firm who sold the goods for which the note was given, testified that credit was extended to the defendant upon the faith of his apparent ownership of this property, but it does not appear that the property was mentioned in the dealings between them, or that either the defendant or his wife ever made any representation to the creditors or to anybody else to the effect that he was the sole owner of the property.

Undoubtedly the wife was the owner of an equitable undivided interest in the land, and it was proper and lawful for the husband to convey to her a portion of the land, not greater in value than the amount of her money which went into the purchase. *Brooks* v. *Fowler*, 82 *Ga.* 329; *Dodd* v. *Bond*, 88 *Ga.* 355. The judgment against the husband not having been obtained until after the land had been conveyed to her, her title, if the conveyance was made in good faith, was superior to the judgment, unless there was conduct on her part amounting to an estoppel; that is to say, unless her conduct had been such as to mislead the creditor and cause him to extend the credit to the husband upon the faith of the latter's apparent ownership of the property. In no other way could an extension of credit upon the faith of property which did not in fact belong to the debtor, give the creditor any right to subject it, as against the real owner, to the payment of the debt. In the cases relied on by counsel for the defendant in error, and in all others in which this court has held that a creditor could subject to a general judgment against the debtor, as against the claim of an equitable owner, property which at the time the credit .was extended was apparently the property . of the

debtor, the creditor had obtained his judgment while the legal title was still in the debtor, or there was conduct on the part of the equitable owner which operated as an estoppel. See *Zimmer* v. *Dansby*, 56 *Ga.* 79; *Sumner* v. *Bryan*, 54 *Ga.* 614; *Kennedy* v. *Lee*, 72 *Ga*, 39; *Humphrey* v. *Copeland*, 54 *Ga.* 543; *Hobbs* v. *Georgia Loan and Trust Co.*, 96 *Ga.* 770. In the present case no inquiry was made of the wife by the creditor, nor, so far as appears, was anything said by her to induce the belief that her husband was the sole owner of the land. It does not appear that she was ever brought into contact with the creditor at all. She did not authorize her husband to take the title in his own name alone, but on the contrary insisted, as soon as she learned that it was in his name, that he should make a deed to her of her part of the land. There is no evidence whatever that she gave him permission to use the property as his own exclusively; and it was accordingly error for the trial judge to charge the jury, as he did, upon the hypothesis that she did give such permission.

In view of the evidence and the error above mentioned, we think a new trial should be granted.

*Judgment reversed.*