ROWE *et al. v.* COLE, trustee.

No. 7780.   OCTOBER 20, 1930.

*S. M. Ledford* and *O. A. Nix,* for plaintiffs in error.

*I. L. Oakes, A. G. Liles,* and *John I. Kelley,* contra.

HINES, J.   D. M. Cole, as trustee in bankruptcy of J. E. Rowe, filed his petition to set aside a deed from the bankrupt to his wife, upon the ground that it was made to hinder, delay, and defraud the creditors of the husband.   This deed was executed on June 11, 1926.   The petition was brought against the bankrupt and his wife.   The defendants denied that this deed was made for the purpose alleged; but set up that the wife, by reason of the payment of the purchase-money, was the equitable owner of the property conveyed, and that her husband in recognition of this fact executed this deed to vest in her the legal title thereto.   Her claim

to the equitable ownership of this property was based upon the
facts which we will now state. She and her husband's father
bought this property in 1911. Her father-in-law paid $125 and
she paid $225 upon its purchase-money. She got the money
which she paid on this property from the sale of a mule which she
owned. They had to borrow $700 to pay the balance of the pur-
chase-money. Her husband represented them in securing this
money. He took the deed thereto in his own name, and executed
to the lender a deed to this property to secure said loan. He did
this upon the advice of the lender that this was the best way to
handle the transaction. This loan was paid in monthly install-
ments of $11.65. She and her father in law paid off this loan.
Her husband acted in this matter for her. She did not know that
the deed to the property was taken in the name of the husband,
and that he executed a deed to the lender to secure this loan in his
own name, until a year or two before the date of the deed from
her husband to her. As soon as she became aware of the fact that
the deed was taken in the name of her husband she made a demand
on him to convey the property to her; and this he finally did by the
deed the plaintiff sought to cancel in this case. D. M. Cole, for
whose benefit as a creditor of the husband this proceeding was
brought, knew, when he became such, that the equitable title to this
property was in the wife.

On the other hand the plaintiff made this case: Mary E. Sharp
conveyed this property to the husband on October 24, 1911, by
deed which was recorded; and the legal title remained in him from
that time until he made the deed to his wife in 1926, which it is
sought to cancel. This deed recited a consideration of $1,000, but
no money was paid at the time. Up to the time this deed was
made this property was returned for taxation and the taxes on it
were paid by the husband in his name. Cole did not have notice,
when he extended credit to the husband upon the faith of his owner-
ship of this property, that the equitable title was in the wife by
reason of the payment by her of the purchase-money.

A verdict in favor of the plaintiff was returned. The defendants
moved for a new trial upon the general grounds, and by amend-
ment added certain special grounds. Their motion was over-
ruled, and to the judgment overruling it they excepted.

■ The court admitted in evidence a certified copy of the order

of the referee in bankruptcy, appointing D. M. Cole trustee in bankruptcy of J. E. Rowe, over the objection of defendants that it was not certified by the clerk of the bankruptcy court. The plaintiff in his petition alleged that he was the duly appointed and qualified trustee in bankruptcy of J. E. Rowe, and the defendants in their answer admitted this allegation. It was therefore unnecessary for the plaintiff to introduce evidence of his appointment and qualification as trustee; and it follows that if the judge erred in admitting in evidence a certified copy of the order appointing the plaintiff such trustee, it was a harmless error, and does not require the grant of a new trial.

■ The court charged the jury as follows: "Of course, under our law, all property inherited or given to a wife is her separate property and is not liable for the debts of her husband." Defendants except to this charge, and contend that it was erroneous for the reasons (a) that there was no contention on the part of the wife, her husband, or any one else that the property in controversy had been inherited by the wife, or that it had been given to her by her husband or any one else, and this charge was not applicable under the facts of the case; (b) that the court did not charge in connection therewith as to the right of the wife to acquire property by purchase; (c) that the court in the same connection should have stated to the jury that the wife could not only inherit property, and have property given to her, but that she could secure property by purchase; (d) that, when taken in connection with the charge set out in the next ground of the motion, and dealt with in the next division of this opinion, it had the effect of expressing an opinion by the court that for the wife to prevail she would have to show that the property in question was inherited by her or given her by her father, mother, or some one other than her husband; and (e) that it gave the jury the power to decide the case against defendants upon a theory that was not in the case and was not set up by any one, and was unfair and prejudicial to the defendants.

These grounds of exception are without merit. While the defendants made no contention that the property in dispute was inherited or given to the wife, there is in the record evidence tending to show that some of the money which was invested in this property was inherited by the wife, and some was given to her. In view of this fact, this instruction embodied a principle applicable

under the issues in this case. Besides, a correct instruction is not erroneous because the trial judge failed to give in connection therewith another sound principle of law. *Carter* v. *Edgar*, 165 *Ga.* 412 (141 S. E. 76).

■ The court charged the jury as follows: "Now the law further provides, in cases where it is known that the wife actually furnished the money to pay for the property and the legal title is in her husband, in the eyes of the law she would have the equitable title, and she would have a right to come into court and have the title put in her name, unless the rights of creditors in the meantime became involved." To this instruction the defendants excepted upon the grounds that it was not applicable under the facts of this case; that it was confusing and misleading; that it empowered the jury to decide the case against the wife upon a theory that was not in the case, and was not even insisted on by the plaintiff; and that it was not a correct statement of the law, for the reason that the right of the wife to the relief sought by her was not dependent on whether it was known that she furnished the money to pay for this property. In this case the wife was not seeking to have the title to this property put in her name. She already had the legal title to it under the deed of her husband conveying it to her. The trustee of her bankrupt husband was seeking to have the deed from her husband to her canceled because it was made by her husband to delay, hinder, and defraud his creditors. The wife denied this, and set up that she had bought and paid for this property with her own money, that for this reason the equitable title was in her, that the husband without her knowledge had taken the paper title in his own name, and in recognition of her equitable title had conveyed the property to her so as to vest the legal title in her. To this contention the plaintiff replied that the creditor of the husband had extended credit to him upon the faith of the legal title being in him, without knowledge of the equitable title of the wife. In such circumstances the applicable principle of law is this: When a wife, who claims the equitable title to property, knowingly permits her husband to retain the legal title and possession thereof, and credit is extended to him upon the faith of his apparent ownership, she will be estopped from asserting her secret equity as against a creditor who has no notice of such equity. *Roland* v. *Wilkinson-Bolton Co.*, 165 *Ga.* 194 (140 S. E.

368). This is so whether the credit is extended directly to the husband or arises from the purchase of his outstanding promissory note. *DeLoach* v. *Sikes,* 169 *Ga.* 465 (150 S. E. 591). This rule applies as well to creditors who have not reduced their claims to judgment as to those who have. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867); *Roland* v. *Wilkinson-Bolton Co.,* supra. The instruction excepted to did not give to the jury the correct applicable principle upon this issue, and tended to mislead the jury. The language, "where it is known that the wife actually furnished the money to pay for the property," was too general. The knowledge which will prevent the creditor from insisting that the wife is estopped is knowledge of her equitable title to the property. If he has such knowledge, he can not insist upon the estoppel upon the ground that he did not know that the wife actually furnished the money to pay for the property. Furthermore, the instruction given did not embrace the element of knowledge on the part of the wife that the husband had taken title in his own name. Because of this erroneous instruction a new trial is granted.

■ The court charged the jury as follows: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, among those acts: Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." To this instruction the defendants excepted upon the ground that there was no evidence to authorize it. In this case there were two issues to be determined by the jury. The first is, that, if the wife had no equitable title to the property involved, and the husband conveyed the same to his wife to hinder, delay, and defraud his creditors, the deed from the husband to the wife should be canceled. The second is, that, if the wife had the equitable title to this property by reason of the fact that she purchased and paid for it with her own money, and she knowingly permitted the husband to take and retain the title in his own name and keep possession of the property, and credit was extended to the husband on the faith of his apparent ownership, she would be estopped from asserting her secret equity as against a creditor who

had no notice of such equity and extended credit to the husband on the faith of his apparent ownership of the property. Under the first of these issues the instruction complained of was applicable, and there was evidence which authorized the judge to give it to the jury.

■ The court charged the jury as follows: "Now, applying that law . . to this case, if you believe that in January, 1926, that Mrs. Mozelle Rowe on the date of the execution of this deed, if you believe that the deed was made for the purpose of hindering, delaying, or defrauding the creditors of her husband, and that intention was known to her or that she had reasonable grounds to suspect that was the reason the deed was being made to her, why that would be a fraudulent transaction, such as the first part of that section says is null and void in law." The defendants excepted upon the ground that this charge was not applicable under the facts of the case, and that there was no evidence upon which to base it. Under the first of the issues stated in the foregoing division of this opinion, this instruction was applicable, and there was evidence which authorized the judge to give it to the jury.

■ The court charged the jury as follows: "On the other hand, if you believe at the time she took that deed that it was a bona fide transaction, that she had no notice that it was made for the purpose of hindering, delaying, and defrauding the creditors of her husband, and that it was a bona fide transaction, made in good faith, in that event it would be your duty to find in favor of the defendant." The defendants excepted upon the ground that this instruction assumed that the deed in question was made for the purpose of hindering, delaying, and defrauding the creditors of the husband, which limited the question to that of knowledge on the part of the wife that the deed was made to delay, hinder, and defraud the creditors of the husband, without submitting therewith the question whether such deed was made for that purpose; and that it in effect told the jury that the deed was made for that purpose. Upon the first of the issues involved, this instruction was not erroneous for any of the reasons assigned. It left to the jury the decision of the question whether the deed arose out of a bona fide transaction, and, if not, whether the wife had notice that it was made for the purpose of hindering, delaying, and defrauding the creditors of the husband.

■ The court charged the jury as follows: "The court further charges you . . that even if the consideration was actually paid at the time, that if there was knowledge that it was made to hinder, delay, and defraud his creditors, if she took it with that knowledge, it would still be void." The defendants excepted on the ground that there was no evidence on which to base this charge, and that it was prejudicial to them. The exception that there was no evidence on which the instruction could be based is well taken. The wife did not contend that she paid anything for the land at the time her husband conveyed it to her. This was not the theory of her defense. Her contention was that she had bought and paid for this land, that her husband, who represented her in the transaction, took the title in his own name as a matter of convenience in borrowing money to pay a part of the purchase-money, and that she paid the money so borrowed and the remainder of the purchase-money, which vested in her the equitable title thereto; and that in recognition of her equitable title her husband conveyed it by his deed to her in order to vest the legal title in her. So the court erred in this instruction.

■ The court charged the jury as follows: "Then you are to consider whether there was a consideration given, or whether it was a voluntary deed from the husband to the wife. Of course, where a party is in debt and owes money, he can't give his property to his wife or anybody else to defeat that debt, on the idea that a man must pay his debts before he undertakes to give away his property; and of course all of this is for you to determine." Defendants excepted to this instruction, on the ground that there was no evidence of a gift from the husband to the wife, that the uncontradicted evidence was that the property was paid for by the wife, and that the husband conveyed it to her because she was the equitable owner; that this instruction authorized the jury to decide the case on a theory unsupported by the evidence; and that it was not a correct statement of the law. Upon one of the issues involved in this case, that is, whether the husband, being the owner of this property, and his wife having no equitable interest therein, conveyed it to the wife without consideration in order to put it beyond the reach of his creditors, this instruction was applicable, and was not erroneous for any of the reasons assigned.

*Judgment reversed. All the Justices concur.*