ROWE *et al.* *v.* COLE, trustee.

No. 9105. · FEBRUARY 23, 1933.

*S. M. Ledford* and *Joe Quillian,* for plaintiffs in error.

*A. G. Liles, Pemberton Cooley,* and *Kelley & Allison,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) We are of the opinion that the court erred in refusing to give to the jury some of the instructions requested by the defendants; and that the charge set out in ground 5 of the motion for new trial was likely to have been confusing and misleading to the jury. In these circumstances we are of the opinion the learned trial judge erred in overruling the motion for a new trial. In view of the fact that the case will be remanded for another trial, discussion of the evidence is unnecessary, further than to say that the testimony as to one or two important

issues in the case was in conflict, and would have authorized a finding different from that returned by the jury. The rule that where the evidence demands a verdict, errors in the charge become immaterial, is not applicable; but on the contrary, where the jury was authorized to find a verdict different from that returned, the withholding of any lawful right from a litigant which could have tended to cause him to gain his case must be presumed to have been injurious, and requires the grant of a new trial. The requested instruction stated in ground 1, quoted above, contained a sound legal principle favorable to the defendant, which was applicable to the issues and the evidence. The court, after charging in the words of the Civil Code (1910), § 3224, par. 2, instructed the jury: "Now applying that law to the case you are now trying, if you believe in this case that the deed made by J. E. Rowe on January 11, 1926, to his wife, Mrs. Rowe, was made for the purpose of hindering, delaying, or defrauding his creditors, and such intention known to the party taking, known to Mrs. Rowe, then the court charges you as a matter of law that would be a fraudulent conveyance and as against creditors would be set aside. Now, applying the other provision of that law to this case, if you should believe that Mrs. Rowe took the deed from her husband and it was a bona fide transaction for a valuable consideration and without any knowledge on her part, and not affected by another principle of law that will be hereinafter stated to you, and that the consideration was a fair value for the property, and it was made to her bona fide, without any notice to her of his intention to hinder, delay, and defraud his creditors, and if you should believe that to be the facts, why then the defendant, Mrs. Rowe, would be entitled to recover, and you would find in her favor." The defendants requested a specific and direct instruction on the point as to whether a husband can prefer his wife, to whom he owes a debt, to his other creditors, and they were entitled to have that question, as a matter of law, answered for the information of the jury. They also asked that the jury be told a husband can prefer his wife if she is his creditor, even though he owes debts and is insolvent at the time such conveyance is made, provided the debt is large enough to constitute a sufficient consideration for the property conveyed to her. The questions which would be answered by the requested instructions were involved in the case, and presented substantial issues. Where instructions are requested which are peculiarly applicable to

the evidence and issues in the case, to refuse such instructions is reversible error. As said by Chief Justice Bleckley in *Thompson* v. *Thompson*, 77 *Ga.* 692, 698 (3 S. E. 261) : "Now, law is not only to be submitted to the jury, but it is to be applied by them; and where its application is materially aided by a specific request, there seems as much reason to give that request as to give the principle; and looking to the evidence in this case, we have no doubt that the request was a proper one. It was bringing the general principle down to this specific instance; and the jury would have been helped materially by having the very words of this request delivered to them as a part of the charge of the court." The headnote on this point was: "Where several distinct matters involving diligence are presented to the jury, while it is proper to charge a general principle applicable to them all, yet if a specific charge, which is legal, apt, and precisely adjusted to one of them, be requested, it is proper to give the latter also, if it would materially aid the jury in applying the general principle to this one of the several matters for their consideration." To the same effect see *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49) ; *Snowden* v. *Waterman*, 105 *Ga.* 384 (5) (31 S. E. 110) ; *Roberts* v. *State*, 114 *Ga.* 450 (40 S. E. 297).

Under the Civil Code (1910), § 3739 a trust is implied (1) whenever the legal title is in one person, but the beneficial interest, either from payment of the purchase-money or other circumstances, is either wholly or partially in another; (3) where from the nature of the transaction it is manifest that it was the intention of both parties that the person taking the title should have no beneficial interest. And it is declared, in § 3740, that as between husband and wife payment of the purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted. So in this case, though the taking of the title by J. E. Rowe in the first instance might lead to the presumption that the purchase was for himself and thereafter his making the deed to his wife might be presumed to be a gift, this presumption is not conclusive, and from it arises no presumption that the deed executed by Rowe to his wife was fraudulent and accepted by her with the knowledge that her husband intended to hinder, delay, or defraud his creditors. As said in *Guinn* v. *Truitt*, 148 *Ga.*

112 (95 S. E. 968) : "Where funds of a married woman are invested in land by her husband, who takes a deed from the vendor in his own name, the husband, under such circumstances, will take only the legal title, the equitable title being in the wife."

While the court in his charge to the jury recited the language of the Civil Code, § 3224, supra, under the principle announced in the authorities cited above, the plaintiffs in error were entitled to have the matter so plainly stated that the jury would not be in any doubt as to which of the parties the language "such intention known to the party taking" referred. Therefore the requested instruction stated in ground 3, quoted above, was pertinent, applicable to the evidence, and tended to fix the attention of the jury on the fact that if Mrs. Rowe did not know of her husband's intention to hinder, delay, or defraud his creditors (if they should believe that such was his intention), still she would not be prevented from establishing her title under the deed executed to her by her husband.

We are of the opinion that the charge of the court to which exception was taken in ground 5, supra, was confusing upon one of the most important issues in the case, namely, whether Mrs. Rowe took the deed from her husband with knowledge of his fraudulent intent. If she did not have knowledge of such intent, the deed could not be set aside. *May* v. *Leverett,* 164 *Ga.* 552 (8) (139 S. E. 31). It does not appear that the jury found that the case was "not affected by another principle of law that will be hereinafter stated to you," as the jury were not informed what other principle of law was referred to; for nothing in the charge after what we have just quoted is referred to as "a principle of law to which I have previously alluded." A charge on this subject was of great importance, in view of the conflict in the issues between the parties.

In regard to the instructions quoted in grounds 8 and 9, supra, there was no evidence (unless an inference may arise merely from the relationship of husband and wife) that the deed from J. E. Rowe to his wife was a voluntary conveyance. On the contrary, there was evidence that the first payment on the property was made from funds received from Mrs. Rowe's property, and the uncontradicted evidence was that at least half of the notes evidencing the money borrowed were paid by Mrs. Rowe. There is no evidence that Mr. Rowe paid anything of the entire purchase-price. For that reason, we are of the opinion that there was not sufficient evidence

to authorize the instructions of the judge on the subject of voluntary conveyances, or that the deed to his wife could be considered by the jury as a voluntary deed. No one testified that the deed was not supported by valuable consideration. The real contention of the wife was that her money paid the purchase-price of the house and lot; that this property, which was purchased by one who acted as her agent and used her funds, was impressed with a trust; and that while the title was nominally in her husband, it of right and in equity should be placed in her. There was no contention that the consideration of the deed was money paid at the time of its execution. The case of the plaintiff in error is based upon the principle that the title to the house and lot should have been taken in her name; and that though the paper title was in her husband, the equitable title long had been in her. If this be true, the jury could have found that the husband only voluntarily did that which he could have been compelled by equity to do, that is, compelled to make her a title, just as he did. It is a well-settled principle that the intervention of equity is not needed to enforce a right which one concedes and voluntarily grants. "It is good ground to refuse an injunction, if the party against whom it is moved proposes in the presence of the chancellor to do all that a court, on the most favorable construction of complainant's case, ought to decree for him, provided he complies with his proposition." *Behn* v. *Young,* 21 *Ga.* 207 (5). "Men may do of their own accord whatever a court of equity, any court, would compel them to do. That this is true, as a general principle, nobody denies." *Hubbard* v. *Price,* 24 *Ga.* 631. "Equity will not force parties to litigate in order to have done what they ought, and are willing, voluntarily to do." Civil Code (1910), § 4532. "Equity considers that done which ought to be done, and directs its relief accordingly." Civil Code, § 4523. The mere fact that the wife delayed for several years to secure a deed from her husband would not, under the facts of this case (if the jury believed her testimony that she did not actually know in whom the paper title lay), be evidence of fraud or fraudulent intent. As held in *Robinson* v. *Stevens,* 93 *Ga.* 535 (2) (21 S. E. 96) : "No inquiry being made of her, it was no fraud by a wife, who had loaned money to her husband for use in his business, not to disclose to the public, or to persons who subsequently credited him on the faith of the money, the fact that she had made the loan or that she was his

602

creditor by reason thereof." It was held in *May* v. *Leverett,* supra, that "A husband may be indebted to the wife for the rents of her separate estate, and such bona fide indebtedness is a valuable consideration to support a deed from him to her." And so, in this case, the husband may be indebted to the wife for the money with which he purchased real estate, and such bona fide indebtedness is a valuable consideration to support a deed from him to her.

Learned counsel for the defendant in error, relying almost solely upon the general grounds, contend that the special grounds contained in the motion for new trial are without merit, and that the charge first requested was not a correct statement of the law, and was not applicable to the facts of the case. Other requests, it is contended, have been covered by the court's charge as delivered, and that when considered with the whole charge are not injurious to the defendant's case. We can not sustain either of these objections. The court erred in overruling the motion for a new trial. See, in this connection, *Hemphill* v. *Hemphill,* ante, 585.

*Judgment reversed. All the Justices concur.*