ROWE *et al. v.* COLE, trustee.

No. 11296. DECEMBER 4, 1936.

S. M. *Ledford* and *Joe Quillian,* for plaintiffs in error.

*John I. Kelley, Alton G. Liles, Marvin A. Allison,* and *Pemberton & W. J. Cooley,* contra.

RUSSELL, Chief Justice. D. M. Cole, as trustee in bankruptcy of J. E. Rowe, instituted his equitable action against the bankrupt and his wife, seeking to have set aside and canceled a certain deed from the husband to the wife. He alleged that such deed was made to hinder, delay, and defraud the creditors of J. E. Rowe. By her answer the wife practically placed herself in the position

of a claimant of the property sought to be subjected by plaintiff's petition. Both defendants denied that the deed was made to hinder, delay, or defraud the creditors of the bankrupt. The answer alleged, that the money of the wife had paid for the property, with the assistance of gifts from her father in law and her mother and from her father's estate; that the title to such real estate should have been taken in the wife's name at the time it was purchased; that she did not know it was taken in the husband's name until shortly before the execution of the deed in question; that by taking title to such real estate in his name instead of his wife's, the husband became her trustee; that the equitable title to said premises was in her from the time of its purchase; and that in conveying said premises to his wife the husband did only what he was bound in equity and good conscience to do in carrying out the trust thus vested in him. A verdict in the plaintiff's favor was returned. The defendants' motion for new trial was overruled, and that judgment was reversed by this court. *Rowe* v. *Cole,* 171 *Ga.* 391 (155 S. E. 473). The opinion of this court was prepared by the late Justice Hines. The defendants amended their answer, and alleged that the wife furnished the husband other large sums of money with which to pay taxes and insurance, and a large sum to make an addition to the dwelling-house and to make other improvements; that the sum of all these amounts was more than the value of the property, and constituted an adequate consideration for the deed made by the husband to the wife; that this deed was made in good faith and for a valuable consideration; and that the husband made the deed in payment of what he owed her, and thus bona fide preferred her as a creditor. On the second trial the jury again returned a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted. This court, because of certain errors in the charge to the jury and as to requested instructions, reversed the judgment. *Rowe* v. *Cole,* 176 *Ga.* 592 (168 S. E. 882). The case is now in this court on exception by defendants to the overruling of their motion for new trial, complaining of the verdict in plaintiff's favor.

The evidence upon the trial now under review was substantially the same as that upon the former trial, and would have authorized a verdict for the defendants (plaintiffs in error). It does not appear that any of the creditors of the husband had reduced their

claims to judgment at the time of the execution of the deed in this case, or that any creditor had a lien on said premises. In the motion for a new trial the defendants, in addition to the general grounds, complain (1) that the court erred in charging the jury as follows: "On the other hand, if you find that he bona fide owed his wife, even though he was insolvent, that this conveyance to her was in payment of a pre-existing debt he actually owed his wife, and it was bona fide, and that she had not lost her rights by allowing title, as explained to you, to be put in her husband, and that it was made to her simply for the purpose of paying her what he really owed her, and the consideration was fair and proper, then the court charges you, if you believe that, he had a right to make that conveyance to his wife, and the title would be good in her, and in that event you would not find in favor of the plaintiff." (2) That the court should have given in charge to the jury the following, on timely written request: "I charge you that the rule of law that a creditor who sells to a husband on the faith of his ownership of property, in which his wife has a secret equity, is entitled to be put on notice as to such equity before he extends credit to the husband, does not apply to a case where a husband bona fide, and for a debt to his wife which constitutes a sufficient consideration, conveys property to his wife in payment of the debt he owes her. In such a case the conveyance is valid, although the creditor before extending the credit to the husband had no notice that the husband owed his wife such a debt."

In this case the wife was not seeking to have the title to this property put in her name. She already had the legal title to it under the deed of her husband conveying it to her. The trustee of her bankrupt husband was seeking to have the deed from her husband to her canceled because it was made by her husband to delay, hinder, and defraud his creditors. Cole, the trustee and the plaintiff, was also the creditor of the husband. He contended that he did not have notice, when he purchased a promissory note of the husband from the payee, the Gwinnett Grocery Company, that the equitable title to the property in question was in the wife by reason of the payment by her of the purchase-money, and that when he purchased this note he had his attorney examine the records in the office of the clerk of the superior court, from which

it appeared that the legal title to the land was in the husband. The plaintiff testified that after this investigation he purchased the note of the husband. The wife denied that the deed was made to hinder, delay, and defraud the creditors of the husband, and contended that this property had been bought and paid for with her money; that for this reason the equitable title was in her; that without her knowledge the husband had taken the paper title in his own name, and this she did not know until her husband in recognition of her equitable title conveyed the property to her so as to vest the legal title in her. The defendants further contended that the husband was indebted to the wife by reason of the payment of her money on the purchase-price of the property conveyed, and because of the expenditure by her of her money in improvements thereon and in the payment of taxes and insurance, that these sums amounted to more than the property was worth, and that the deed was made to her in satisfaction thereof. It does not appear that the wife did anything to mislead the creditor, and under her evidence she did not know her husband had the legal title, and demanded that he make her a deed as soon as she found this out. The wife did not disclose her husband's indebtedness to her, or make her claim known, nor was any inquiry thereof made of her.

It will be noted that under the pleadings and the evidence two separate defenses were presented, and, as stated by counsel for the defendants, "one of the defenses involves the principles of law relating to implied trusts when the title is taken in one person and the purchase-money is paid by another. The other arises under facts consistent with the provisions of section 3230 of the Code of 1910 [1933, § 28-301], where a husband owes a wife money and prefers her as a creditor by conveying to her property in payment of such debt." The law relative to the first of these defenses was fixed and laid down in the former decisions of this court in this case, cited above. "A debtor may prefer one creditor to another, and to that end he may bona fide give a lien by mortgage or other legal means, or he may sell in payment of the debt, or he may transfer choses in action as collateral security, the surplus in such cases not being reserved for his own benefit." Code, § 28-301. There is no contention that the husband in this case owned or possessed any property save that conveyed to his wife.

Under the Code, no distinction is made as to the kind of creditors who may be preferred. *Ellison* v. *Lucas,* 87 *Ga.* 223, 226 (13 S. E. 445, 27 Am. St. R. 242). Under the laws of this State an insolvent debtor may give a preference in a great variety of ways to one creditor, to the exclusion of others, provided it be done in good faith. *McWhorter* v. *Wright,* 5 *Ga.* 555. A preference is not invalidated because near relatives of the grantor will benefit by it. *Eberhardt* v. *Bennett,* 163 *Ga.* 796 (137 S. E. 64). The husband, where indebted to his wife, may prefer her as a creditor by conveying to her property in satisfaction of the debt or otherwise. This is so although the conveyance actually operates to hinder or prevent the collection of the claims of other creditors, where made for a valuable consideration and in good faith. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867); *Simms* v. *Tidwell,* 98 *Ga.* 686 (75 S. E. 555); *Comer* v. *Allen,* 72 *Ga.* 1. As said in a previous decision of this case, "the husband may be indebted to the wife for the money with which he purchased real estate, and such bona fide indebtedness is a valuable consideration to support a deed from him to her." 176 *Ga.* 592. The contention of the plaintiff that the facts of this case do not authorize the defense that the husband was a debtor of his wife and preferred her as a creditor by conveying said property to her is not well founded. The ruling of the above decision in this case has settled that contention adversely to plaintiff.

The failure of the wife to make her claim known does not deprive her of her rights as a creditor, even as against one of the husband's creditors who gave credit to him in ignorance of the wife's claim, there being no inquiry made of her by such creditor. *Robinson* v. *Stevens,* 93 *Ga.* 535 (21 S. E. 96). So where the wife's money is used with her consent to purchase a tract of land, the title to which was intended to be in her, but taken in the name of her husband, which the wife did not know at the time, the wife had the equitable title, and it was perfectly proper and lawful for the husband to convey such land to her. If this was done in good faith before a particular creditor of the husband obtained any judgment against him, the wife's title was superior to the judgment subsequently obtained, although in the creation of the debt upon which this judgment was founded the creditor may have extended credit upon the belief that the land

belonged to the husband, it not appearing that the wife had ever said or done anything to mislead the creditor or warrant him in believing that she treated the land as her husband's property, and it not being shown that she permitted him to use it as such. The mere fact that she lived upon the land with her husband and it was the home place would not, under such facts, show that she "permitted him to use the property as his own." *Bell* v. *Stewart,* 98 *Ga.* 669 (27 S. E. 153). The principle of that case was followed in *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 523, 525 (126 S. E. 292). See also *Hunt* v. *Doyal,* 128 *Ga.* 416 (57 S. E. 489); *Harrison* v. *Peacock,* 149 *Ga.* 515 (101 S. E. 117); *Jones* v. *Foster,* 150 *Ga.* 277 (103 S. E. 491); *Wood* v. *Lovelady,* 176 *Ga.* 866, 871 (169 S. E. 93). In *Orr Shoe Co.* v. *Lee,* the facts that the legal title had been placed in the wife before general judgment by the other creditor against the husband, and that nothing was done by the wife to mislead the creditor, were considered as the controlling facts why the wife was not estopped. If the wife had permitted the husband to use the land in his business transactions, and held him out as the true owner, and the creditor had therefore extended such credit, a different situation might rise, and certainly would arise if the judgment were obtained before the conveyance of the legal title by the husband to the wife. In this case the wife did not know that the husband had taken the legal title in his name until just before the time of the conveyance, when she demanded that he convey said premises to her. The amount of money expended by her in payment of the purchase-price, for improvements, and for taxes and insurance, amounted to more than the worth of the property. No inquiry was made of her by the creditor, and she made no disclosure to the public or to him. The facts of this case are not like those in *Krueger* v. *MacDougald,* supra, and *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (79 S. E. 576), and similar cases. In the *Krueger* case the property conveyed to the wife was worth three times as much as her claim. In all the cases in which this court has held that a creditor could subject to a general judgment against the debtor, as against the claim of an equitable owner, property which at the time the credit was extended was apparently the property of the debtor, the creditor had obtained such judgment while the legal title was still in the debtor, or there was conduct on the part of the equitable owner

which operated as an estoppel. In the *Bell* case, supra, no inquiry was ever made of the wife, nor was anything ever said by her to induce the belief that her husband owned the land. She did not authorize her husband to take the title in his own name, but on the contrary insisted, as soon as she learned that it was in his name, that he should make her a deed. It is to be remembered in this case that no general judgment was obtained by the creditor before the execution of the deed of the husband to his wife and the placing, for a valuable consideration, of the legal title to the land in her.

Applying the foregoing principles to the second defense raised under the pleadings and evidence, the judge erred in charging the jury as complained of in the motion for a new trial, by qualifying the right of the wife to receive a deed to this property from her husband in payment of a valid pre-existing debt with the statement that it must be made to appear that the wife "had not lost her rights by allowing title, as explained to you, to be put in her husband," and failing to explain what he meant by such words. The plaintiff's reply to the defendant's claim that the property was purchased with her money was that the credit to the husband had been extended upon the faith of the legal title being in him, without knowledge of the equitable title of the wife. As a matter of fact it appears that credit was not extended to the husband upon the faith of the husband's ownership. The charge complained of tended to confuse and mislead the jury, under the facts of this case. The defendants did not, as to the defense that the conveyance attacked was a bona fide preference by the husband of his wife, have to show that the creditor had not extended credit upon the faith of the legal title to the land being in the husband, or that the creditor had knowledge of the debt owing by the husband to the wife, at the time the plaintiff purchased the note. The evidence shows that no credit was extended to the husband by the original seller of his note on the faith of the husband's ownership of such property. The only manner in which the wife could lose her rights, referred to by the trial judge as having been explained to the jury, had reference to his previous charge on the equitable title and implied trust defense of the defendants. The charge complained of tended to confuse the jury and to lead them to believe that if the creditor extended credit to the husband be-

fore the execution of the deed by the husband to the wife, this, without more, would defeat the claim of the wife that the husband had bona fide preferred her as a creditor. It also follows that the court should have charged the jury as requested. While the court did charge the jury that the husband could prefer his wife in a proper case, the request refused was prefaced with the statement that the principle as to the extension of credit to the husband while the legal title is in him, without being put on notice of the wife's equitable claim, would defeat her right to have the equitable title placed in her as against such creditor, would not be applicable in the case of a preference made in good faith by the conveyance made by the husband of the legal title to said premises to the wife for a valuable consideration. Under the facts of this case the judge should, especially when properly requested, have instructed the jury that the mere extension of credit to the husband by a creditor, where no lien was taken or judgment obtained before the execution of the deed, would not alone void a bona fide conveyance of realty made by the husband to his wife in payment of an existing indebtedness due her, the amount of such indebtedness due the wife being more than the value of the property conveyed.

In view of these errors, the judge erred in overruling defendants' motion for a new trial. As a new trial is granted, the question of the sufficiency of the evidence is not passed on by this court, save to hold that a verdict in favor of the plaintiff was not demanded thereunder.

*Judgment reversed. All the Justices concur.*

GILBERT, Justice, concurring specially. Under the pleadings and the evidence, as I construe it, the relation of debtor and creditor did not exist between the husband and wife. If the husband borrowed money to make the purchase, from his wife, then no trust can be implied. Accordingly no instructions on that subject were applicable. The court did not err in not so instructing the jury, with or without request. The wife paid about one half of the purchase-money, and when the husband took the title in his name, a trust was impressed in favor of the wife to the extent of her payment of purchase-money. It appears also that the husband borrowed from a third person a portion of the purchase-money, and executed a security deed or mortgage to secure the loan. It

would seem that the failure of the wife to inform herself about those details affecting her property rights was a negligent omission. "Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116. Under the principles ruled in *Krueger* v. *MacDougald*, 148 *Ga.* 429 (supra), the wife must be held to have had knowledge of the status of the legal title. However, in view of the decision when the case was formerly before this court, I am bound, and concur specially in the judgment now rendered. The wife had an equitable interest, and to protect her a trust relation arose. The husband was insolvent, but it was his duty to protect the trust. This he could do, unless there was a lien or other right of some third party acting bona fide and without notice of the wife's equity. The only lien here obtained was a common-law judgment rendered after the execution of the deed from husband to wife. Under *Bell* v. *Stewart*, 98 *Ga.* 669, and *Ford* v. *Blackshear Manufacturing Co.*, 140 *Ga.* 670 (supra), such judgment does not attach to the wife's title. Mr. Justice Atkinson concurs in what is said herein.